# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATS OF AMERICA ex rel.<br>THOMAS SCHROEDER,<br><br>                Relator,<br><br>vs.<br><br>MEDTRONIC, INC., *et al.*,<br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 17-2060-DDC-KGG<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM & ORDER ON
## <u>RELATOR'S MOTION TO COMPEL</u>

NOW BEFORE THE COURT is Relator's Motion to Compel (Doc. 130) seeking an Order requiring Defendant Medtronic to produce documents relating to annual sales of peripheral artery disease ("PAD") devices over a period of 11 years (Doc. 130-1, at 2). Defendant Medtronic generally argues that Plaintiff has failed to establish the relevance of this information and that it is duplicative of information that should be sought from other entities, unduly burdensome, and disproportionate to the needs of the case. (Doc. 139.) After review of the parties' submissions, the Court **GRANTS** Relator's motion (Doc. 130).

1

## BACKGROUND

**I.      General Background.**

Relator Thomas Schroeder[1] brought this *qui tam* action on behalf of the United States government (hereinafter "the United States" or "the government") in January 2017.  (Doc. 1.)  The original Complaint was filed under seal and alleged violations of the False Claim Act, 31 U.S.C. § 3729, *et seq*., against Defendants Medtronic, Plc ("Medtronic") and Hutchinson Regional Hospital ("Hutchinson" or "Hospital").  (Doc. 1.)  The False Claims Act ("FCA") generally prohibits private parties from 'knowingly' submitting 'a false or fraudulent claim' for reimbursement.  31 U.S.C. § 3729(a)(1)(A).  The FCA imposes civil liability on "any person who . . . knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval" to the United States government.  31 U.S.C. §3729(a)(1)(A).

Medtronic sells medical devices and overlaps to a degree with certain regions in which relator's company operates, making Relator's company and Medtronic competitors.  (Doc. 26, at 21, 29.)  Hutchinson is a nonprofit hospital located in Kansas.  (Id., at 4.)  Both Relator's company and Medtronic market their services to Hutchinson.  (*Id*., at 30.)

---

[1] Relator is a Regional Sales Manager for a company selling medical devices in Kansas and around the country.  (Doc. 26 at 3.)

Relator filed an Amended Complaint in September 2019 (Doc. 14) and a Second Amended Complaint in July 2020. (Docs. 24, 26.) A Third Amended Complaint was filed in October 2021 after the District Court granted in part Medtronic's Motion to Dismiss. (Docs. 67, 72.) This resulted in another Motion to Dismiss filed by Medtronic on November 9, 2021, which argued that Relators' allegations of medically unnecessary procedure and off-label promotion fail to state a claim and should be dismissed with prejudice. (*See generally* Docs. 75, 76.)

The undersigned Magistrate Judge recently granted Relator's request to file an additional amened pleading to:

> (i) add Covidien, L.P. – a corporate entity related to Medtronic – as a party defendant; (ii) add Wichita Radiological Group, P.A. as a party defendant; (iii) clarify the description of peripheral arterial disease ('PAD') devices set forth in ¶ 35 of the [operative Complaint]; (iv) include the sale of Medtronic coronary devices under Relator's False Claims Act, 31 U.S.C. § 3729, *et seq*. (the 'False Claims Act' or 'FCA') and anti-kickback statute, 42 U.S.C. § 1320a-7b(b) (the 'AKS'), claims; (v) provide additional allegations regarding medically unnecessary and off-label devices in PAD procedures at the Robert J. Dole Veterans Administration Medical Center ('Dole VA') and additional evidence of Medtronic's promoting thereof; and (vi) correct typographical errors in ¶¶ 116 and 131 of the [operative Complaint] regarding dates.

(Doc. 113, at 1-2; Doc. 126.) Given the subsequent filing of Relator's Fourth Amended Complaint (Doc. 127), the District Court recently found Defendant

Medtronic's Motion to Dismiss the Third Amended Complaint to be moot. (Doc. 131, text entry.)

**II.     Request No. 45.**

In the motion currently before the Court, Relator seeks an Order compelling Defendant Medtronic to produce documents responsive to Request No. 45, which seeks information on annual sales of peripheral vascular devices over a period of 11 years (Doc. 130-1, at 2). Medtronic objected that the request was overly broad, unduly burdensome and sought information that is irrelevant, not proportional to the needs of the case, and "not reasonably calculated to lead to the discovery of admissible evidence … ."[2]  (Doc. 130-1, at 4-5.)  Medtronic based the objections on the language of the Request as it seeks "any documents," that are

> related to sales of peripheral vascular devices to customers of Medtronic that are entirely unrelated to the claims and defenses in this action, and to the extent it seeks documents relating to sales of peripheral vascular devices that are not the subject of allegations contained in the Third Amended Complaint.

---

[2]  The Court instructs Defendant that the Federal Rules of Civil Procedure abandoned the "not reasonably calculated standard" standard approximately seven years ago with the 2015 amendments to Rule 26(b). Federal courts now analyze whether the information requested is relevant and "proportional to the needs of the case." ***Mayhew v. AngMar Medical Holdings, Inc.***, No. 18-2365-JWL-KGG, 2019 WL 5535243, at n.1, n.2 (D. Kan. Oct. 25, 2019) (citing Fed.R.Civ.P. 26(b)).  *See also* ***Frick v. Henry Industries, Inc.***, 13-2490-JTM-GEB, 2016 WL 6966971, at *5 (D. Kan. Nov. 29, 2016).

(*Id.*)³  The Court notes that, since the discovery responses were served, Relator has been allowed to file the Fourth Amended Complaint, as discussed above.

After various communications between the parties, Relator narrowed the scope of Request No. 45.  According to Relator, "instead of requesting Medtronic's annual PAD device sales to all 'other customers,' Relator agreed to limit the request just to 'other VA medical centers.'"  (Doc. 130, at 3.)  Relator subsequently agreed to limit the request from all "other customers" and all "other VA medical centers," to a sampling of eleven (11) VA facilities out of seventy (70) for the relevant timeframe.  (*Id.*, at 4.)  This offered limitation was rejected by Medtronic.  (*Id.*)

Medtronic has indicated that, without waiving these objections, it was "conducting a reasonable search" and agreed to produce "non-privileged, responsive documents that are currently in its possession, custody, or control sufficient to show the annual sales of the at-issue devices during the relevant time period to Dole VA and Hutchinson."  (Doc. 130-1, at 5.)

## ANALYSIS

**I.     Standards for Discovery.**

---

³ Medtronic also objected "to the extent [the Request] seeks documents protected by the attorney-client privilege or work product doctrine."  (Doc. 130-1, at 5.)  Medtronic is no longer asserting that the sales data is privileged.  As such, this objection will not be addressed by the Court herein.

Fed.R.Civ.P. 26(b) states that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at state in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). As such, the requested information must be nonprivileged, relevant, and proportional to the needs of the case to be discoverable. ***Holick v. Burkhart***, No.16-1188-JTM-KGG, 2018 WL 372440, at *2 (D. Kan. Jan. 11, 2018).

Discovery requests must be relevant on their face. ***Williams v. Board of Co. Comm'rs***, 192 F.R.D. 698, 705 (D. Kan. 2000). Relevance is to be "broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." ***Smith v. MCI Telecomm. Corp.***, 137 F.R.D. 25, 27 (D. Kan. 1991).

Once this low burden of relevance has been established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request. See ***Swackhammer v. Sprint Corp. PCS***, 225 F.R.D. 658, 661,

662, 666 (D. Kan. 2004) (stating that the party resisting a discovery request based on overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the burden to support the objections). Thus, "the objecting party must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable." ***Sonnino v. University of Kansas Hosp. Authority***, 221 F.R.D. 661, 670–71 (D. Kan. 2004).

"Unless a request is overly broad, irrelevant, or unduly burdensome on its face, the party asserting the objection has the duty to support its objections." ***Funk v. Pinnacle Health Facilities XXIII, LP***, No. 17-1099-JTM-KGG, 2018 WL 6042762, at *3 (D. Kan. Nov. 19, 2918) (quoting ***Hammond v. Lowe's Home Ctrs., Inc.***, 216 F.R.D. 666, 670 (D. Kan. 2003)). Further, once the "low burden of relevance is established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request." ***Waters v. Union Pac. RR. Co.***, No. 15-1287-EFM-KGG, 2016 WL 3405173, at *1 (D. Kan. June 21, 2016) (citing ***Swackhammer v. Sprint Corp. PCS***, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004) (stating that the party resisting a discovery request based on overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the burden to support the objections)). Within this framework, the Court will address the discovery requests at issue.

**II.     Request No. 45.**

As discussed above, this document request, as limited by Relator, seeks Medtronic's annual PAD device sales to a sampling of eleven (11) VA facilities out of seventy (70) for the relevant timeframe.  Defendant objects that the Request is overly broad, unduly burdensome, and seeks irrelevant, disproportionate information

> because it seeks 'any documents,' seeks documents related to sales of peripheral vascular devices to customers of Medtronic that are entirely unrelated to the claims and defenses in this action, and to the extent it seeks documents relating to sales of peripheral vascular devices that are not the subject of allegations contained in the Third Amended Complaint.

(Doc. 130-1, at 4-5.)  Medtronic continues that this Request purports to require production of documents outside its possession, custody and control.  (*Id*., at 5.) Medtronic agreed to conduct a "reasonable search" for non-privileged, responsive documents in its possession, custody, or control "sufficient to show the annual sales of the at-issue devices during the relevant time period to Dole VA and Hutchinson," but not the sampling of 11 VA facilities.  (*Id*.)  In support of his motion to compel, Relator contends the sales data is relevant and proportional to the needs of the case while arguing Medtronic cannot support its objections.  (Doc. 130, at 6-12.)

        **A.     The Information Sought is Relevant, Proportionate, and Not Unduly Burdensome.**

Relator's Fourth Amended Complaint includes allegations that Medtronic paid illegal remuneration to Dole VA employees, which resulted in grossly excessive purchases of PAD devices in violation of the False Claims Act/Anti-Kickback Statute. (Doc. 127, ¶¶ 1, 52-61, 64-79). The amended pleading includes a table comparing the Dole VA's purchases and privately operated medical institutions. (¶¶ 62-63). Comparative data of Medtronic's sales at other VA facilities was not included because, according to Relator, "he does not have access to that sales data." (Doc. 130, at 6.) Relator argues that "[l]ike the sales data from private institutions, the VA sales data is not just relevant, but it is arguably an even greater 'on point' comparison to the sales data from Dole VA" and these comparisons "are an important component of Relator's claims of illegality against Medtronic." (*Id*.)

The Court finds that Relator has adequately explained the relevance of the information. Given his additional proposed limitation to a sampling of 11 VA facilities, the Court also finds the requested information to be proportional to the needs of the case and not unduly burdensome given the issues involved in this litigation. Defendant's objections are **overruled**.

### B.    "Possession, Custody or Control" and Duplicative Discovery.

According to Defendant, it

> does not argue that the VA facility sales data Relator seeks has already been produced by the VA. Rather, [Defendant] contends the data in [its] possession is useless on its own, and regardless of the outcome of this motion, Relator will still need additional information from the VA facilities to put [Defendant's] sales data in any useable context. [Defendant's] production of its sales data – which is just one piece of the VA's much larger data set – is accordingly unreasonably duplicative.

(Doc. 139, at 11.) Even assuming Relator will need additional information from VA facilities to put Defendant's information "into useable context," the Court is at a loss to see how this impacts whether the information from Defendant is discoverable. It merely means that Relator potentially has more work to do. As Relator argues, the fact that compiling all the necessary information will be complicated is "a consequence that cannot be held against Relator's rights to obtain relevant discovery." (Doc. 144, at 6.) Defendant's objections are **overruled**. Relator's motion to compel (Doc. 130) is **GRANTED**.

## CONCLUSION

IT IS THEREFORE ORDERED that Relator's Motion to Compel (Doc. 130) is **GRANTED**. Defendant Medtronic shall produce all relevant documents as detailed in this Order **within 30 days**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 29th day of June, 2022.

/S K<small>ENNETH</small> G. G<small>ALE</small>
KENNETH G. GALE
United States Magistrate Judge