# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *ex rel.* THOMAS SCHROEDER <br> <br>     Relator, <br> <br> v. <br> <br> MEDTRONIC, INC.; COVIDIEN, L.P.; <br> HUTCHINSON REGIONAL MEDICAL <br> CENTER, and WICHITA <br> RADIOLOGICAL GROUP, P.A. <br> <br>     Defendants. | Case No. 2:17-02060-DCC-KGG |

## RELATOR'S RESPONSE TO DEFENDANT MEDTRONIC, INC.'S MOTION TO STAY DISCOVERY AND/OR FOR A PROTECTIVE ORDER

COMES NOW the United States of America ("USA"), *ex rel.* Thomas Schroeder Relator, and hereby provides the following response in opposition to *Defendants Medtronic, Inc. and Covidien, L.P.'s Motion to Stay Discovery on One Narrow Topic and/or for a Protective Order* (Docs. 191-192).

### TABLE OF CONTENTS

I. Background ........................................................................................................................2
II. Issue ....................................................................................................................................4
III. Standard of Review ............................................................................................................4
IV. Summary of Responding Argument ...................................................................................6
V. Responding Argument ........................................................................................................6
   A. Defendant Fails the Standard of Review—Relator's Right to Proceed ....................6
      1. No "Extreme Circumstances," "Hardship," or "Inequity" Exist .........................6
      2. The Case will not be Finally Concluded on Defendant's Pending Motion to Dismiss.................................................................................................................7
      3. The Facts Sought in Discovery at Issue Could Affect the Resolution of Defendant's Motion to Dismiss ............................................................................8
      4. The Third Factor Does Not Apply ......................................................................8
      5. Defendant's Authority is Unpersuasive ..............................................................9
   B. It is Inappropriate to Rule on Defendant's Motion to Dismiss Via this Motion ........10
   C. Relator's Argument Overcoming the FCA's "Public Notice Bar" is Well Founded...............................................................................................................12

## I.     Background

In Relator's prior Second and Third Amended Complaints, he alleged that Defendant Medtronic, Inc. provided illegal marketing services to physicians at Hutchinson Regional Medical Center ("Hutchinson").

> 80.   At all relevant times herein, Defendants Medtronic and Hutchinson claimed, caused a claim to be made, or conspired to have a fraudulent claim be made, for reimbursement from Government Healthcare Plans for Medtronic's PAD devices.  These were purchased by Hutchinson based on Medtronic offering, paying (and/or Hutchinson soliciting and receiving) remuneration.  This included kickbacks and *marketing/promotional services to Hutchinson* in exchange for Hutchinson purchasing Medtronic's PAD devices covered by Government Healthcare Plans.

(Second Amended Complaint, Doc. 26, filed July 8, 2020, ¶ 80) (emphasis added).

> 87.   In addition, Winger's remuneration also included *"marketing services"* for physicians performing PAD procedures at Hutchinson.  As an example, Winger would host events for referring physicians whereby Winger would promote physicians at Hutchinson such as Dr. Michael Hagley and *encourage said referring physicians to send patients to Dr. Hagley* at Hutchinson.  This included numerous luncheons and speaking events.  Winger would also assist Hutchinson physicians such as Dr. Hagley in the advertising and promotion of their practices.  This would include Winger assisting referring physicians in obtaining appointments for their patients with Dr. Hagley.

(*Id.* at ¶ 87) (emphasis added). The same allegations were made in the Relator's Third Amended Complaint filed on October 21, 2021 (Doc. 72, filed ¶¶ 82, 87) and continue in the operative Fourth Amended Complaint ("FAC") (Doc. 127, ¶¶ 83, 90).

In their prior motions to dismiss both the Second and Third Amended Complaints containing these marketing allegations, none of the Defendants argued that Relator's marketing claims were barred by the public disclosure bar[1] under the False Claims Act, 31 U.S.C. § 3729, *et seq.* ("FCA"). (Docs. 46, 76)  In denying in part Medtronic's Motion to dismiss the Second

---

[1] §3730(e)(4)(A): "No court shall have jurisdiction over an action . . . based on the public disclosure of allegations . . . ."

2

Amended Complaint pertaining to Relator's illegal remuneration claim under the federal anti-kickback statute, 42 U.S.C. § 1320a-7b(b) (the "AKS"), this Court permitted Relator to proceed on the illegal marketing allegation. *United States v. Medtronic, Inc.*, 2021 WL 4168140, at *8 (D. Kan. Sept. 14, 2021).

During the discovery process, Defendant Hutchinson produced emails from Danielle Hoover who worked for Covidien.[2] (Attached hereto as **Exhibit 1**, *under seal*)  These emails clearly reveal Ms. Hoover providing marketing services for Hutchinson.  Hutchinson, Covidien employees, and Dr. Hagley (physician at Hutchinson) are all part of these communications.  All of Hoover's conduct described in these emails involves her running medical records to and from physicians' offices, referring patients to Hutchinson, and promoting their services.  Hoover works for Covidien (who sells devices to Hutchinson).  Her activities involve her increasing work for Dr. Hagley at Hutchinson by getting him more referred patients, ergo, more devices to sell and also locking in favor to purchase Covidien products.

Following this production, Relator sent document requests (nos. 46-47) seeking Danielle Hoover email messages on any account accessible by Defendant Medtronic/Covidien from January 30, 2011 to the present, that represent any communication to or from Defendant Hutchinson (or its predecessor Promise Regional), Dr. Michael Hagley (physician at Hutchinson), Hutchinson Clinic, Doug Winger, Kari Montgomery Kirk and/or Greg Davisson (employees of Medtronic/Covidien).  He also seeks any personnel documents related to Hoover working for Defendant.  (**Exhibit 2**)  On May 18, 2022, the Defendant objected to producing

---

[2] Defendant has stated that Ms. Hoover was not an employee, but instead, a per diem contract employee who worked for Covidien (which was later purchased by Medtronic, Inc.).  Either way, she was performing marketing services on behalf of Medtronic and its employee Doug Winger to market and promote to physicians to send their patients to Dr. Hagley (a customer and user of Covidien/Medtronic devices) at Hutchinson.

3

these documents on the grounds of relevancy, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence.  (*Id.*)

On June 22, 2022, Defendant filed a Partial Motion to Dismiss Relator's Fourth Amended Complaint.  (Docs. 149-150)  In this Motion, Defendant seeks to dismiss Relator's illegal remuneration claims under the AKS as they relate to marketing services provided at Hutchinson.  It argues that Relator's claim for such services were covered by the FCA's public disclosure bar.  In essence, arguing that these types of marketing services were covered by a prior publicly known settlement before Relator's July 8, 2020 filing of his Second Amended Complaint.  Relator has contested this argument in his briefing (Doc. 176).  As of August 19, 2022, this motion has been fully briefed.

On July 11, 2022, Magistrate Gale held a discovery dispute hearing among the parties to address Relator's requests regarding Hoover.  At this hearing, it was concluded that Defendant would need to move the Court for a protective order to address this dispute.

## II.     Issue

Should discovery regarding Relator's allegations of illegal marketing under the AKS pertaining to Danielle Hoover be stayed pending the Court's ruling on Defendant's Partial Motion to Dismiss addressing this allegation?

## III.     Standard of Review

The right of plaintiffs to proceed with discovery—regardless of pending motions to dismiss—is highly protected by this Court.

> A decision on whether to stay litigation is within the Court's inherent power to control its docket and rests in its sound discretion. The Court may exercise that power in the interest of economy of time and effort for itself and for counsel and parties appearing before it. When discharging its discretion, the Court "must weigh competing interests and maintain an even balance." The Tenth Circuit has

cautioned, "[t]he right to proceed in court should not be denied ***except under the most extreme circumstances***."

*Williams v. Zmuda*, No. 20-3277-JWB-GEB, 2021 WL 5371498, at *3 (D. Kan. Nov. 17, 2021) (citing, *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983)) (emphasis added); *see also Holroyd v. Dep't of Veterans Affs.*, No. 06-4133-SAC, 2007 WL 1585846, at *1 (D. Kan. June 1, 2007) (citations omitted) ("[T]he Tenth Circuit has warned that the right to proceeding in court should not be denied except under the most extreme circumstances. To that end, as a general rule, courts in the District of Kansas do not favor staying pretrial proceedings even though dispositive motions are pending.").

"Recognizing this overarching right to proceed, the general policy of the District of Kansas is to continue with discovery during the pendency of dispositive motions." *Williams,* 2021 WL 5371498, at *4. "The party seeking stay must make a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Id*. The *pro se* plaintiff in *Williams* had his discovery stayed pending a motion to dismiss, *but only* because absolute or qualified immunity was being asserted. *Id.* at *4 ("Recognizing this overarching right to proceed, the general policy of the District of Kansas is to continue with discovery during the pendency of dispositive motions. However, there are recognized exceptions to this rule. One such exception applies where a defendant seeks dismissal based on absolute or qualified immunity.").

"Even if immunity is not at issue, the court considers whether any of the following three factors apply to make a stay of discovery appropriate:"

1) where the case is likely to be finally concluded as a result of the ruling on the pending dispositive motion;

2) where the facts sought through uncompleted discovery would not affect the resolution of the motion; or

5

   3) where discovery on all issues of the broad complaint would be wasteful and burdensome.

*Id.* Given the onerous burden facing Defendant, none of these factors warrant overcoming Relator's "right to proceed" and "continue with discovery." *Williams, supra*.

### IV. Summary of Responding Argument

Relator's right to proceed with discovery on this issue is highly protected by Courts in the Tenth Circuit and this district. Defendant wants this Court to skip the burdensome requirements in obtaining this stay and go right to the underlying merits of its motion to dismiss. In essence, asking this Court to speculate that it will be successful on its partial motion to dismiss, and therefore, not permit Relator to conduct relevant discovery regarding Danielle Hoover. Not only does Defendant fail to reconcile the applicable standards, but its request also contradicts well-established case law rejecting premature speculation on a party's potential success in a pending motion to dismiss. For the reasons set forth below, Defendant's Motion should be rejected in its entirety.

### V. Responding Argument

**A.** **Defendant Fails the Standard of Review—Relator's Right to Proceed**

  *1.* *No "Extreme Circumstances," "Hardship," or "Inequity" Exist:*

The discovery request at issue is by no means overly burdensome to Defendant. It requires a search of its email database for communications whereby Danielle Hoover is a party to an email communication. Defendant claims Ms. Hoover worked there for just a matter of months, so the production cannot be voluminous. This lawsuit involves three defendants and claims under the FCA and AKS. Relator has alleged various types of illegal remuneration under the AKS offered and paid by Medtronic/Covidien. Illegal marketing services is just one

example. Defendant's success on quashing this narrow marketing allegation does not render it dismissed free and clear from this case—far from it. Unlike *Williams, supra,* Medtronic/Covidien's success on its motion to dismiss the marketing claims is not dispositive of its role in this case. Also, Defendant has offered no evidence of "extreme circumstances," any "hardships," or an "inequity" warranting this Court to deny the Relator's right to proceed with this discovery. Again, this is a very limited discovery request regarding one worker who was with Defendant for a brief period of time.

> 2. ***The Case Will not be Finally Concluded on Defendant's Pending Motion to Dismiss:***

The title of Medtronic/Covidien's motion answers this one in Relator's favor: "Defendants Medtronic, Inc.'s and Covidien, L.P.'s *Partial* Motion to Dismiss Relator's Fourth Amended Complaint." (Doc. 149). "Partial" is a literal admission that the pending motion to dismiss will not finally conclude Defendant's role in this matter. Regarding the Relator's illegal remuneration claims involving Hutchinson and Dole VA, Medtronic/Covidien's pending motion seeks dismissal of just the illegal marketing claim at Hutchinson. Even if Defendant is successful on its motion, this case will not be "finally concluded." Defendant would still have to proceed on the AKS claims at both Hutchinson (without the illegal remuneration in the form of marketing services) and Dole VA.

Compare this scenario to *Cuhaci v. Kouri Grp., LP*, 540 F.Supp.3d 1184, 1186-87 (S.D. Fla. 2021), where defendants argued that staying discovery was warranted because their motion to dismiss had the potential to dispose of the entire case, or at least, narrow the overall issue. Regardless, the court stated that it "cannot conclude at this juncture that the Motions to Dismiss will be granted . . ." *Id*. "Relatedly, the Court does not find that Defendants have carried their burden to demonstrate good cause and reasonableness. Nor is the Court persuaded that

7

Defendants would be so burdened by engaging in discovery before the Motions to Dismiss are resolved." *Id.* Even where the motion at hand would resolve most if not all issues in the case, courts are still reluctant to stay discovery. This Court cannot conclude at this junction whether Medtronic/Covidien will succeed on their motion to dismiss. Also, Defendant has failed to demonstrate how they will be so burdened by producing the Hoover documents.

### 3. The Facts Sought in Discovery at Issue Could Affect the Resolution of Defendant's Motion to Dismiss:

The basis of Defendant's argument for dismissing Relator's illegal "marketing services" claim under the AKS relies heavily on the type of services provided by someone such as Danielle Hoover. Defendant's arguments are based on the proposition that the *per diem* marketing services provided by Ms. Hoover were the same ones settled in the 2014 and 2015 *Hayes-Ponder* and *Howerton* lawsuits. This puts Hoover's activities directly at issue. The discovery sought (*i.e.,* emails and personnel documents) directly address Ms. Hoover's duties on behalf of Defendant. This is information that could directly address whether Relator's marketing claims are the same ones that Defendant claims are barred under the FCA's public disclosure language. Had this been produced in a timely fashion, it certainly could have been incorporated in Relator's response to the underlying motion to dismiss. The inequity is Defendant's denial of this discovery and then arguing Relator's claim falls under the public disclosure bar, when in fact, the discovery owed may disprove this very argument. Therefore, this "uncompleted discovery [c]ould [] affect the resolution of [Medtronic/Covidien's] motion." *Williams, supra.*

### 4. The Third Factor Does not Apply:

The discovery Defendant seeks to stay relates only to a portion of the illegal remuneration claim, and even under this, only emails and documents regarding Danielle Hoover. In essence, only a small portion of discovery is at issue. In turn, this defeats Defendant's

8

argument for a stay. This is not a scenario where Relator is seeking, and Defendant wants to stay, "discovery on all issues of the broad complaint," that in turn, "would be wasteful and burdensome." *Williams, supra.* Even narrowing the scope of discovery as a basis has been rejected. *See e.g., Mullen v. Bd. of Commissioners for Adams Cnty., Colorado*, 2022 WL 1202886 (D. Colo. Feb. 25, 2022) ("The court does not disagree that granting the Motion to Stay might result in a simpler discovery process, should the presiding judge grant the Motion to Dismiss. However, more broadly, the court finds that the mere possibility that discovery could be narrowed by a pending dispositive motion to be insufficient to justify a stay.").

   5.   ***Defendant's Authority is Unpersuasive:***

The cases cited by Defendant in support of a stay of discovery are distinguishable from the matter at hand. In *Kutilek v. Gannon*, all the defendants claimed in their motions to dismiss that their actions were taken pursuant to a legitimate quasi-judicial function of the board, and therefore, they all were entitled to qualified, or absolute, immunity. 132 F.R.D. 296, 297 (D. Kan. 1990). As discussed in *Williams, supra,* absolute immunity is one of the exceptions to the right to proceed with discovery. Such immunity is not the basis for Medtronic/Covidien's partial motion to dismiss.

Defendant's other cases fall under the same category. *See Citizens for Objective Pub. Educ., Inc. v. Kansas State Bd. of Educ.*, No. 13-4119-KHV, 2013 WL 6728323, at *1 (D. Kan. Dec. 19, 2013) ("The court concludes that a brief stay of all pretrial proceedings—including discovery and the scheduling of deadlines—is warranted until Judge Vratil resolves the pending dispositive motion. The motion to dismiss seeks dismissal on the ground that plaintiffs' claims against the Kansas State Department of Education and the Kansas State Board of Education are barred by the doctrine of sovereign immunity."); *Marksberry v. FCA US LLC*, No. 19-2724-

EFM, 2021 WL 2446084, at *2 (D. Kan. June 15, 2021) (Defendant's "motion for summary judgment raises credible arguments that, under the undisputed material facts, [it] is entitled to judgment as a matter of law on all of plaintiff's claims against it …. If the court grants FCA's summary judgment motion, no class claims will remain in the action. It is, therefore, more efficient to resolve that motion before the parties and court invest time in the class-certification issue.").

**B.     It is Inappropriate to Rule on Defendant's Motion to Dismiss Via this Motion:**

Defendant fails to meet its high burden (*i.e.,* "extreme circumstances," "hardship," "inequity") in meeting the three applicable factors to overcome this Court's long-standing position that Relator has a right to proceed with discovery regardless of a pending partial motion to dismiss.  This is the *only issue* before this Court.  The issue is not whether Medtronic/Covidien will likely succeed on its underlying partial motion to dismiss.  It argues that not staying discovery until its motion is ruled upon is "putting the cart before the horse." Under this logic, no discovery would ever be conducted until motions to dismiss, so of which take up to year to be ruled upon, are addressed.  This would ben nonsensical.

Yet, Defendant spends the majority of its briefing arguing that the Hoover illegal marketing claims are covered by the FCA's public disclosure bar—the very issue before Judge Crabtree in its partial motion to dismiss.  In essence, Defendant is asking this Court to find in its favor on the motion to dismiss, and in turn, find that this pending Hoover discovery is no longer relevant.  This request falls far outside the discovery motion before this Court and far outside Defendant's obligations to meet the *Williams*'s standards discussed above.  Courts routinely reject such requests.  *See e.g., United States v. CDS, P.A.*, 2015 WL 5257132, at *1-2 (D. Idaho Sept. 3, 2015) (citations omitted) (emphasis added) ("In essence, Defendants have done no more

than to ***argue in conclusory fashion*** that its motion to dismiss will succeed. This ***idle speculation*** does not satisfy Rule 26(c)'s good cause requirement …. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation …. The Court has taken a preliminary look at the pending motions to dismiss, and this is not a case where the complaint is '***glaringly deficient'*** and '***completely wanting***. . .'"); *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (Defendant's motion to stay discovery would "require the court to make a preliminary finding of the likelihood of success on the motion to dismiss. This would circumvent the procedures for resolution of such a motion. Although it is conceivable that a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a 'fishing expedition' or for settlement value, this is not such a case.").

In *Stephenson Oil Co. v. Citgo Petroleum Corp.*, 2008 WL 5412816 (N.D. Okla. Dec. 30, 2008), the court stated, "[a]lthough it is within a district court's discretion to stay discovery pursuant to Rule 26(c) pending the outcome of a dispositive motion, such stays are not routinely granted by this Court or other district courts within the Tenth Circuit. *Id*. at *2. It found that defendant "has not identified 'good cause' for staying discovery in this case and that the balance of interests weighs in favor of proceeding with the litigation." *Id*. Like Medtronic/Covidien, the defendant Citgo argued that plaintiff's claims it sought to dismiss lacked legal authority. In rejecting this argument, the court stated, "the 'seriousness' of Citgo's motion to dismiss is not a persuasive reason to stay discovery; every defendant who files a motion to dismiss must have a good-faith basis for doing so." *Id*. It concluded:

> Based on the Court's initial review of Citgo's motion, there is nothing particularly unique about Citgo's arguments and nothing to suggest that Stephenson's claim is wholly frivolous or clearly lacking in legal support. Even if Plaintiff's legal theory is "novel," as suggested by Citgo, the Court does not find this to be a sufficient basis to stay discovery in this case.

11

*Id.* at *2. The briefing before the Court on Medtronic/Covidien's partial motion to dismiss reflects the same. Relator's claims regarding illegal marketing are not frivolous. His arguments for overcoming the FCA's public disclosure bar have legal support.

**C.    Relator's Argument Overcoming the FCA's "Public Notice Bar" is Well-Founded:**

Relator will share his argument opposing Medtronic/Covidien's partial motion to dismiss. This is not being done for the purpose of seeking a ruling on the same. Instead, this exercise simply demonstrates the merit and authority necessary to defeat any implication that Relator's claim is "frivolous," "deficient," "wanting," or "novel." *CDS, P.A*, *Gray, Stephenson Oil Company, supra.* In March 2010, the statute addressing public disclosure exceptions to FCA claims—31 U.S.C. § 3730(e)(4)(A)—was amended. Prior to this amendment, a public disclosure bar under the FCA was a jurisdictional argument (*i.e.,* one that could be asserted at any time in the litigation). The amendment converted this section from a jurisdictional argument to an affirmative defense. *See United States ex rel. Reed v. KeyPoint Gov't Sols.*, 923 F.3d 729, 737 n.1 (10th Cir. 2019) (explaining that while the Tenth Circuit has not opined on the issue, other Circuit Courts of Appeals have "unanimously held that the 2010 amendments transformed the public disclosure bar from a jurisdictional bar to an affirmative defense").

In his Second and Third Amended Complaints, Relator alleged that Medtronic provided illegal marketing services to physicians at Hutchinson. (Doc. 26, filed July 8, 2020, ¶ 80, 87; Doc. 72, filed October 21, 2021, ¶ 87) In its prior motions to dismiss both of these Complaints containing this allegation, none of the Defendants argued this affirmative defense. (Docs. 46, 76)[3] As such, Defendants have waived their right to assert this defense. *See Nichols v. Vilsack,*

---

[3] *See e.g., Schroeder,* 2021 WL 4168140, at *8 (This Court acknowledged Relator's illegal remuneration marketing claim in its order addressing the motion to dismiss the Second Amended Complaint whereby Defendants did not argue public disclosure).

183 F. Supp. 3d 39, 41 (D.D.C. 2016) ("That Plaintiff has filed an amended complaint does not excuse Defendant's waiver [by failing to raise it in a previous motion to dismiss] of a previously available defense."); *see also Hild v. Bank of Am., N.A.*, EDCV 14-2126 JGB SPX, 2015 WL 1813571, at *3 (C.D. Cal. Apr. 21, 2015) (court barred defendant from making an argument in a motion to dismiss a second amended complaint because "Rule 12 prohibits [defendant] from taking a second bite of the apple after neglecting to set forth arguments that were fully available to it when moving to dismiss the [first amended complaint]."). Why now? Relator has obtained damning emails of such marketing services being performed by Medtronic and it desperately wants to kill this claim.

Regardless, the settlement/disclosure relied on by Defendants is not "substantially similar" to Relator's AKS/FCA claims. Defendants' public disclosure argument concerns two cases filed in California against Covidien: "Covidien LP has agreed to pay $17,477,947 to resolve allegations that it violated the False Claims Act by providing free or discounted practice development and market development support *to physicians located in California and Florida* to induce purchases of Covidien's *[varicose] vein ablation products . . .*" (*See* Doc. 150-6, March 11, 2019 Press Release) (emphasis added) "The United States alleged that Covidien violated the Anti-Kickback Statute and, correspondingly, the False Claims Act by providing practice development and market development support *to health care providers located in California and Florida* from *Jan. 1, 2011, through Sept. 30, 2014*, to induce those providers to purchase *ClosureFAST* radiofrequency ablation catheters . . ."[4] The practice and market development support Covidien provided included customized marketing plans for specific vein practices; scheduling and conducting "lunch and learn" meetings and dinners with other physicians to drive

---

[4] ClosureFast catheters are used in procedures that treat venous reflux disease, a disease often marked by the presence of varicose veins.

referrals to specific vein practices; and providing substantial assistance to specific vein practices in connection with planning, promoting, and conducting vein screening events to cultivate new patients for those practices. *See id.* (emphasis added). On its face, this matter is not "substantially similar" to the various kickbacks in Kansas that Covidien and Medtronic used to ensure sales of PAD devices.

Even if this Court is reluctant to reach this conclusion, at the very least, a factual dispute exists on this affirmative defense—where Defendants bear the burden of proof. *See Pfeifer v. Union P. R. Co.*, 12-CV-2485-JAR-JPO, 2014 WL 2573326, at *1 (D. Kan. June 9, 2014) ("The defendant has the burden of proof on the affirmative defense . . ."). Given the disputed facts summarized above, this burden cannot be met at this stage of the proceedings. *See Silbersher v. Valeant Pharm. Intl., Inc.*, 445 F. Supp. 3d 393, 402 (N.D. Cal. 2020) ("After the 2010 Amendments, a court could assert jurisdiction over the relator's complaint and entertain public disclosure as a defense. Consequently, the public disclosure bar is properly considered in a motion to dismiss when the material facts are not in dispute . . .") (citation omitted).

Relator has certainly demonstrated a probability of defeating Medtronic/Covidien's partial motion to dismiss. This Court should not reject his right to proceed with discovery by speculating how Judge Crabtree will rule. Also, it is inherently unfair to require Relator to await this ruling in order to pursue clearly relevant evidence of illegal remuneration in the form of marketing services. Due to the complexity of the partial motion to dismiss, and the case load of the Court, it could easily be another six to eight months before an order is issued regarding Defendant's FCA public disclosure bar affirmative defense. It is inherently unfair to Relator to await this ruling (which may come well after the December 30, 2022 fact discovery deadline), especially when the documents sought are very narrow and not overly burdensome to produce.

14

WHEREFORE, Relator respectfully asks this Court to deny *Defendants Medtronic, Inc. and Covidien, L.P.'s Motion to Stay Discovery on One Narrow Topic and/or for a Protective Order* in its entirety.

Respectfully submitted,

Carrie Mulholland Brous KS #18157
**Brous Law LLC**
3965 West 83rd Street, Ste. #115
Prairie Village, KS  66208
(913) 209-8596
cbrous@brouslaw.com



/s/ *Brendan J. Donelon*
Brendan J. Donelon, KS #17420
4600 Madison, Suite 810
Kansas City, Missouri 64112
Tel:     (816) 221-7100
Fax:    (816) 709-1044
brendan@donelonpc.com

Daniel W. Craig
6642 Clayton Rd., #320
St. Louis, Missouri 63117
Tel:     (314) 297-8385
Fax:    (816) 709-1044
dan@donelonpc.com

Attorneys for Relator

<u>Certificate of Service</u>

I hereby certify that on <u>August 25, 2022</u> the above and foregoing was sent pursuant to this Court's CM/ECF procedures to the attorneys of record in this matter.

*/s/ Brendan J. Donelon*