IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. THOMAS SCHROEDER, | ) ) ) |
| Relator, | ) ) |
| vs. | ) )   Case No. 17-2060-DDC-KGG |
| MEDTRONIC, INC., *et al*., | ) ) ) |
| Defendants. | ) ) ) |

**MEMORANDUM & ORDER GRANTING
DEFENDANTS' MOTION TO STAY DISCOVERY
<u>ON ONE NARROW TOPIC</u>**

NOW BEFORE THE COURT is Defendants' "Motion to Stay Discovery on One Narrow Topic and/or for a Protective Order. " (Doc. 191.) Therein, Defendants seek an Order staying discovery or entering a Protective Order regarding Relator's efforts to discover information relating to contract employee Danielle Hoover. Defendants contend the information relates to a five-year investigation and negotiation between Covidien (subsequently Medtronic) and the DOJ. (*See* Doc. 192, at 1-2.) Defendants argue that Relator "lacks the authority to pursue discovery or claims on this subject matter" on behalf of the United States. (*Id*., at 2.) After review of the parties' submissions, the Court **GRANTS** Defendants' motion as to the requested stay (Doc. 191).

1

## BACKGROUND

**I.      General Background.**

Relator Thomas Schroeder[1] brought this *qui tam* action on behalf of the United States government (hereinafter "the United States" or "the government") in January 2017. (Doc. 1.) The original Complaint was filed under seal and alleged violations of the False Claim Act, 31 U.S.C. § 3729, *et seq*., against Defendants Medtronic, Plc ("Medtronic") and Hutchinson Regional Hospital ("Hutchinson" or "Hospital"). (Doc. 1.) The False Claims Act ("FCA") generally prohibits private parties from 'knowingly' submitting 'a false or fraudulent claim' for reimbursement. 31 U.S.C. § 3729(a)(1)(A). The FCA imposes civil liability on "any person who . . . knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval" to the United States government. 31 U.S.C. §3729(a)(1)(A).

Medtronic sells medical devices and overlaps to a degree with certain regions in which relator's company operates, making Relator's company and Medtronic competitors. (Doc. 26, at 21, 29.) Hutchinson is a nonprofit hospital located in Kansas. (*Id*., at 4.) Both Relator's company and Medtronic market their services to Hutchinson. (*Id*., at 30.)

---

[1] Relator is a Regional Sales Manager for a company selling medical devices in Kansas and around the country. (Doc. 26 at 3.)

Relator filed an Amended Complaint in September 2019 (Doc. 14) and a Second Amended Complaint in July 2020.  (Docs. 24, 26.)  A Third Amended Complaint was filed in October 2021 after the District Court granted in part Medtronic's Motion to Dismiss.  (Docs. 67, 72.)  The Third Amended Complaint resulted in an additional Motion to Dismiss filed by Medtronic on November 9, 2021, which argued that Relators' allegations of medically unnecessary procedure and off-label promotion fail to state a claim and should be dismissed with prejudice.  (*See generally* Docs. 75, 76.)

The undersigned Magistrate Judge subsequently granted Relator's request to file a Fourth Amended Complaint to:

> (i) add Covidien, L.P. – a corporate entity related to Medtronic – as a party defendant; (ii) add Wichita Radiological Group, P.A. as a party defendant; (iii) clarify the description of peripheral arterial disease ('PAD') devices set forth in ¶ 35 of the [operative Complaint]; (iv) include the sale of Medtronic coronary devices under Relator's False Claims Act, 31 U.S.C. § 3729, *et seq*. (the 'False Claims Act' or 'FCA') and anti-kickback statute, 42 U.S.C. § 1320a-7b(b) (the 'AKS'), claims; (v) provide additional allegations regarding medically unnecessary and off-label devices in PAD procedures at the Robert J. Dole Veterans Administration Medical Center ('Dole VA') and additional evidence of Medtronic's promoting thereof; and (vi) correct typographical errors in ¶¶ 116 and 131 of the [operative Complaint] regarding dates.

(Doc. 113, at 1-2; Doc. 126.)  Given the filing of Relator's Fourth Amended Complaint on May 25, 2022 (Doc. 127), the District Court found Defendant

3

Medtronic's Motion to Dismiss (Doc. 75) the Third Amended Complaint to be moot (Doc. 131, text entry).

On June 22, 2022, Defendants Covidien and Medtronic filed a partial Motion to Dismiss Relator's Fourth Amended Complaint. (Doc. 149.) The motion seeks dismissal of Counts I and II "relating to the allegations of: the sale and utilization of medically unnecessary devices; improper off-label marketing; and alleged kickbacks paid in the form of marketing services provided by Doug Winger and/or other Medtronic employees." (*Id*., at 1.) This motion remains pending before the District Court.

In the motion to stay currently before the undersigned Magistrate Judge, Defendants seek an Order staying discovery or entering a Protective Order as to discovery of 1) email between Danielle Hoover, a contract employee of Covidien, and Hutchinson Hospital, certain doctors, Doug Winger, and/or certain other marketing/sales employees of Defendants and 2) materials regarding Hoover's training and performance evaluations. (Doc. 192-2, at 6-9.) Defendants request that any stay remain in effect until the District Court rules on the pending partial Motion to Dismiss.[2] (Doc. 192, at 18.)

---

[2] Defendants' motion requests in the alternative that the Court enter a Protective Order as to any discovery regarding Danielle Hoover. For the reasons set forth below, this request is **DENIED**.

The present motion specifically takes issue with Requests for Production Nos. 46, 47, 52, and 73, which were served on April 18, 2022. (Doc. 192-2.) The Requests read as follows:

> Request No. 46: Any documents that represent email messages on any account accessible by Defendant used by Danielle Hoover from January 30, 2011 to the present, that represent any communication to or from Defendant Hutchinson (or is predecessor Promise Regional), Dr. Michael Hagley, Hutchinson Clinic, Doug Winger, Kari Montgomery Kirk and/or Greg Davisson.
>
> Request No. 47: All Documents reflecting training of Danielle Hoover for work done on behalf of Defendant and documents reflecting any employee agreements, documents regarding job performance, including but not limited to, performance reviews/evaluations; compensation paid, including all commissions and bonuses; awards granted by Defendant; communications regarding positive or negative job performance, and any inquiries or investigations conducted regarding said person.
>
> Request No. 52: For the timeframe of 2011 to the present, any documents that represent communications to Gregory Davisson, Doug Winger, Kari Montgomery Kirk, and/or Danielle Hoover, referring or relating to contract workers, per diems and/or referral marketing initiatives.
>
> Request No. 73: Records showing the entity relationship diagram of any database (e.g., Salesforce) that was used by Doug Winger, Kari Montgomery Kirk, Greg Davisson, and/or Danielle Hoover, at any period within the timeframe of 2011 to the present.

(Doc. 192-2, at 6-9.)  Defendants objected that information regarding Danielle Hoover was outside the scope of the then-operative Third Amended Complaint. (Doc. 192, at 10-11; Doc. 72.)  Relator's Fourth Amended Complaint, filed after Defendants responded to these discovery requests, added for the first time new allegations regarding marketing services kickbacks implicating "Winger, Davisson, Kirk and *other Medtronic employees*" as opposed to merely Winger.  (*Compare* Doc. 72, Third Amended Complaint, at ¶ 87 *to* Doc. 127, Fourth Amended Complaint, at ¶ 90 (emphasis added).)

Defendants characterize these discovery requests regarding Danielle Hoover as Relator's efforts to glean information regarding a five-year investigation and negotiation between Covidien (subsequently Medtronic) and the DOJ.  (*See* Doc. 192, at 1-2.)  Defendants continue that

> [i]n 2014 and 2015, two *qui tam* actions were filed in the United States District Court for the North District of California, respectively captioned **United States ex rel. Hayes, et al. v. Covidien, Inc., et al.**, Case No. C 14-1511-EDL (N.D. Cal.) (the "Hayes-Ponder Case") and **United States, et al. ex rel. Howerton v. Covidien, et al.**, Case No. C 15-0558-EDL (N.D. Cal.) (the "Howerton Case").  …  Both actions concerned an alleged nationwide marketing scheme by Covidien in which '*per diem*' employees provided kickbacks in the form of marketing services …"

(*Id*., at 6.)  Defendants contend that this is "exactly the subject for which Relator seeks discovery."  (*Id*.)

6

Defendants state that the DOJ settled the claims with Medtronic relating to the *per diem* "based on specific conduct in California and Florida … ." (*Id.*, at 8 (citation omitted).) Defendants assert that "after a thorough investigation of the nationwide program, DOJ determined not to require a settlement based on the other conduct around the nation that was disclosed to it, including in Kansas." (*Id.* (citation omitted).)[3]

Defendants opine that in this context, the above-quoted requests are improper because "[t]he public-disclosure bar prohibits *qui tam* relators from pursuing claims that are already known to the United States." (*Id.*, at 4 (citations omitted).) Defendants continue that "[b]ecause [the] DOJ already knows of Covidien's *per diem* marketing, and conducted a thorough, five-year investigation into the subject, Medtronic has properly moved for dismissal of the aspect of Relator's allegations that are now premised on marketing services provided by third-party *per diem* employees." (*Id.* (citing Doc. 150).) Defendants argue that five years into this litigation, it is improper for Relator to demand discovery – in the name of the United States – on an issue the United States was aware of long

---

[3] Defendants point out that Relator's original Complain did not include allegations regarding the DOJ's 2019 settlement or an alleged "kickback" marketing scheme. (*Id.*, at 9.) Rather, these allegations were not included until after the 2019 public settlement. (*Id.*, at 9-10.)

7

ago and into which the DOJ resolved its investigation more than three years ago. (*Id*., at 4-5.)

Further, Defendants' pending partial Motion to Dismiss seeks dismissal of claims pertaining to Danielle Hoover under the FCA's public-disclosure bar. (Doc. 150.) Medtronic suggested to Relator that this subject of discovery wait until after the resolution of the public-disclosure issue in the Motion to Dismiss. (Doc. 192, at 12.) Relator rejected this compromise, resulting in the present motion.

Relator counters that a stay is improper at the present time because the case will not be fully concluded as a result of the pending dispositive motion and the requested discovery could impact the dispositive motion. (Doc. 204, at 7-8.) Relator also argues that the settlement relating to California and Florida "is not 'substantially similar' to the various kickbacks in Kansas that Covidien and Medtronic used to ensure sales of PAD devices." (*Id*., at 13-14.) Finally, Relator argues that Defendants have waived this affirmative defense by not addressing it in their prior Motions to Dismiss. (*Id*., at 12-13.)

## ANALYSIS

**I.   Standards for Discovery.**

Fed.R.Civ.P. 26(b) states that

> [p]arties may obtain discovery regarding any
> nonprivileged matter that is relevant to any party's claim

8

> or defense and proportional to the needs of the case, considering the importance of the issues at state in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). As such, the requested information must be nonprivileged, relevant, and proportional to the needs of the case to be discoverable. **Holick v. Burkhart**, No.16-1188-JTM-KGG, 2018 WL 372440, at *2 (D. Kan. Jan. 11, 2018).

Discovery requests must be relevant on their face. **Williams v. Board of Co. Comm'rs**, 192 F.R.D. 698, 705 (D. Kan. 2000). Relevance is to be "broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." **Smith v. MCI Telecomm. Corp.**, 137 F.R.D. 25, 27 (D. Kan. 1991).

**II.     Standards for a Stay.**

"The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court." **Toney v. Harrod**, No. 15-3209-EFM-TJJ, 2018 WL 5830398, at *1 (D. Kan. Nov. 7, 2018) (citing **Pet Milk Co. v. Ritter**, 323 F.2d 586, 588 (10th Cir. 1963); **McCoy v. U.S.**, No. 07-2097-CM, 2007

WL 2071770, at *2 (D. Kan. July 16, 2007)).  That stated, Tenth Circuit has concluded that "the right to proceed in court should not be denied except under the most extreme circumstances." **Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.**, 713 F.2d 1477, 1484 (10th Cir. 1983).  Thus, the District of Kansas generally does not favor staying discovery pending a ruling on a dispositive motion.  *McCoy*, 2007 WL 2071770, at *2.

It is well-established in the District of Kansas that discovery should not be stayed merely because a dispositive motion has been filed.  **Wolf v. United States**, 157 F.R.D. 494, 495 (D. Kan. 1994).  However, there are recognized exceptions to this policy.  A stay is appropriate where one or more of the following factors exist: "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit." **Arnold v. City of Olathe, Kan.**, No. 18-2703-CM-JPO, 2019 WL 2438677, at *2 (D. Kan. Mar. 8, 2019).  See also **Toney**, 2018 WL 5830398, at *1; **Citizens for Objective Public Educ. Inc. v. Kansas State Bd. of Educ.**, No. 13-4119–KHV, 2013 WL 6728323, *1 (D. Kan. Dec.19, 2013).  If <u>one</u> of these circumstances is present, a stay may be appropriate.  **Wolf**, 157 F.R.D. at 495.  *See*

*also* ***Watson v. Unified Sch. Dist. No. 500***, No. 19-1044-EFM-JPO, 2019 WL 2174132, at *1 (D. Kan. May 20, 2019).

### A. Potential Burden.

Defendants' argument for the stay is basically founded the concepts of wastefulness and burden. Defendants assert that

> Medtronic has filed a dispositive Rule 12 motion, arguing that Relator is barred from pursing allegations related to Danielle Hoover's work as a *per diem* contractor because they are substantially similar to the allegations raised and investigated by DOJ. [Citing Doc. 127, at ¶ 90; Doc. 26, at ¶ 87.] In RFPs 46, 47, 52, and 73, Relator specifically requests documents involving Ms. Hoover, a *per diem* employee employed by Covidien during this legacy program, who was not just employed during scope of the DOJ's investigation, but whose contract – the very type of document requested by Relator – was provided as part of that investigation. [Citing Doc. 196, sealed, at ¶ 8.] If the district court grants Medtronic's motion on the public disclosure bar, Relator would be precluded from inquiring into allegations or transactions involving Danielle Hoover and the information sought in RFPs 46, 47, 52, and 73 would be irrelevant. Requiring production of such discovery before resolution of this motion, therefore, puts the horse before the cart. [Citations omitted.]

(Doc. 192, at 14.)

Relator responds that the effort required by Defendants to respond to the discovery would not be overly burdensome. According to Relator, responding merely

> requires a search of its email database for communications whereby Danielle Hoover is a party to an email communication. Defendant claims Ms. Hoover worked there for just a matter of months, so the production cannot be voluminous.

(Doc. 204, at 6.)

Relator continues that because the pending dispositive motion is *partial*, it "will not fully conclude Defendant's role in this matter." (*Id.*, at 7.) Relator is correct that a stay is appropriate where a case is likely to be finally concluded via the dispositive motion. *See Arnold*, 2019 WL 2438677, at *2. Relator is also correct that the pending partial dispositive motion will not fully conclude the case. That stated, if Defendants prevail on the partial dispositive motion, that *part* of the case relating to Counts I and II would be fully concluded.

Further, Defendants have not sought to stay discovery altogether, but rather have sought only a *partial* stay of discovery as it relates to a single issue. It appears to the Court that the claims implicated by the dispositive motion are those to which the discovery at issue relates. As such, the Court finds this a partial stay is appropriate in this specific factual scenario because proceeding with the discovery would be unnecessary and burdensome given the pending partial Motion to Dismiss.

**B.    Relevance of Discovery to Pending Dispositive Motion.**

Defendants also argue that the delay of discovery does not unduly prejudice Relator as the pending motion to dismiss must be decided on the sufficiency of Relator's Fourth Amended Complaint, not evidence extrinsic to that pleading. (Doc. 192, at 14-15 (citations omitted).)  Relator responds that the information sought by the discovery requests at issue could be relevant to the pending dispositive motion.

> Defendant's arguments are based on the proposition that the *per diem* marketing services provided by Ms. Hoover were the same ones settled in the 2014 and 2015 **Hayes-Ponder** and **Howerton** lawsuits.  This puts Hoover's activities directly at issue.  The discovery sought (i.e., emails and personnel documents) directly address Ms. Hoover's duties on behalf of Defendant.  This is information that could directly address whether Relator's marketing claims are the same ones that Defendant claims are barred under the FCA's public disclosure language.  Had this been produced in a timely fashion, it certainly could have been incorporated in Relator's response to the underlying motion to dismiss. The inequity is Defendant's denial of this discovery and then arguing Relator's claim falls under the public disclosure bar, when in fact, the discovery owed may disprove this very argument.

(Doc. 204, at 8.)

Simply stated, Relator's argument mischaracterizes how the District Court will determine the partial Motion to Dismiss.  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to

state a claim for which relief may be granted." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (internal quotation marks omitted).

### C. Waiver.

Relator also argues that Defendants have waived the right to bring the public disclosure bar as an affirmative defense. (Doc. 204, at 12.) Relator contends that he alleged in the Second and Third Amended Complaints that Medtronic provided illegal marketing services to physicians at Hutchinson. (*Id.* (citing Doc. 26, at ¶¶ 80, 87 and Doc. 72, at ¶ 87).) According to Relator, "[i]n its prior motions to dismiss both of these Complaints containing this allegation, none of the Defendants argued this affirmative defense." (*Id*. (citing Docs. 46, 76.) Thus, Relator opines that Defendants waived their right to assert this defense.

Defendants reply that no waiver occurred because the Second and Third Amended Complaints limited the relevant allegations to Doug Winger only and did not reference other employees. (Doc. 214, at 4.) Rather, "[i]t was not until the Fourth Amended Complaint … that Relator asserted kickbacks based on marketing services by 'other Medtronic employees.'" (*Id.* (citing Doc. 127, at ¶¶ 37, 90).) For purposes of this motion, the Court agrees. The Court finds, however, that a final determination as to the issue of waiver should be made by the District Court in the context of Defendants' pending dispositive motion rather than by the undersigned Magistrate Judge in the context of this motion to stay. (*See* Doc. 176,

response to partial Motion to Dismiss, at 30-31 and Doc. 199, reply to response, at 20-22.)

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Stay (Doc. 191) is **GRANTED** pending the District Court's ruling on Defendant Medtronic's Partial Motion to Dismiss (Doc. 149). To the extent Defendants' motion to stay also requests a Protective Order thoroughly barring this discovery, that request is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 21st of September, 2022.

/S Kenneth G. Gale
KENNETH G. GALE
United States Magistrate Judge
