IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| ex rel. THOMAS SCHROEDER | ) |
|  | ) |
| Relator, | ) |
|  | ) |
| v. | )   Case No. 2:17-cv-02060-DCC-KGG |
|  | ) |
| MEDTRONIC, INC., HUTCHINSON | ) |
| REGIONAL MEDICAL CENTER, and | ) |
| WICHITA RADIOLOGICAL GROUP, | ) |
|  | ) |
| Defendants. | ) |

**DEFENDANT HUTCHINSON REGIONAL MEDICAL CENTER'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PARTIAL DISMISSAL
OF THE FIFTH AMENDED COMPLAINT**

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ........................................................................................................ ii

**I.    INTRODUCTION**................................................................................................................1

**II.   BACKGROUND** .................................................................................................................1

**III.  ARGUMENT**.......................................................................................................................2

    **A.    Legal Standards.** ....................................................................................................2

    **B.    Schroeder Fails to Sufficiently Allege a Claim Based on the Anti-
Kickback Statute.** ...................................................................................................3

        **1.    The FAC Fails to Adequately Allege an Illegal Kickback Based
on the Coronary Devices.** ..........................................................................4

        **2.    The FAC Fails to Adequately Allege Causation Related to the
Coronary Devices.** .....................................................................................6

        **3.    The FAC Fails to Adequately Allege Scienter With Respect to
the Coronary Devices.** ...............................................................................7

    **C.    Schroeder Fails to State a Claim for Conspiracy Related to the
Coronary Devices.** .................................................................................................8

    **D.    The Public Disclosure Bar** ....................................................................................9

**IV.  CONCLUSION** ...................................................................................................................9

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009)................................................................................................2, 6

*Bell Atlantic Corp. v. Twombly*,
　550 U.S. 544 (2007)...................................................................................................2

*Bixler v. Foster*,
　596 F.3d 751 (10th Cir. 2010) ...................................................................................2

*Carter v. United States*,
　667 F. Supp. 2d 1259 (D. Kan. 2009).........................................................................3

*U.S. ex rel. Greenfield v. Medco Health Sols., Inc.*,
　880 F.3d 89 (3d Cir. 2018).........................................................................................6

*Kansas Penn Gaming, LLC v. Collins*,
　656 F.3d 1210 (10th Cir. 2011) .................................................................................2

*U.S. ex rel. Lacy v. New Horizons, Inc.*,
　348 F. App'x 421 (10th Cir. 2009) .............................................................................8

*U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*,
　614 F.3d 1163 (10th Cir. 2010) ......................................................................... *passim*

*Robbins v. Oklahoma*,
　519 F.3d 1242 (10th Cir. 2008) .................................................................................2

*U.S. ex rel. Smith v. Boeing Co.*,
　505 F. Supp. 2d 974 (D. Kan. 2007)..................................................................3, 5, 6

*Universal Health Servs., Inc. v. U.S. ex rel. Escobar*,
　136 S. Ct. 1989 (2016)...............................................................................................8

**Statutes**

31 U.S.C. § 3729(a) ..........................................................................................................8

31 U.S.C. § 3729(a)(1)(C) ................................................................................................8

42 U.S.C. § 1320a-7b(b)(1) ..........................................................................................4, 7

42 U.S.C. § 1320a-7b(g)...................................................................................................6

False Claims Act ................................................................................................................ *passim*

**Other Authorities**

Rule 8 .............................................................................................................................. 2, 3, 9

Rule 9(b) ....................................................................................................................... 2, 3, 5, 9

Rule 12(b)(6) ......................................................................................................................... 9

OP 3359131.2

## I.     INTRODUCTION

Relator Thomas Schroeder ("Relator" or "Schroeder") has failed to state a claim under the False Claims Act as it relates to Medtronic's Coronary Devices.[1] Even under this Court's articulated pleading standard, the Coronary Device claims fail because they are not supported by specific allegations. There are simply no facts pled in the Fifth Amended Complaint ("FAC") that support the addition of the Coronary Devices. Accordingly, the Court should dismiss the FAC as it relates to those devices.

## II.    BACKGROUND

On October 24, 2022, this Court granted Relator leave to file the FAC. (ECF No. 232). The FAC (ECF No. 233) contained no changes as it relates to Hutchinson Regional Medical Center ("HRMC") from the Fourth Amended Complaint (ECF No. 127).

On May 25, 2022, this Court granted Relator leave to file the Fourth Amended Complaint. (ECF No. 126). The Third Amended Complaint mentioned coronary devices in a single paragraph, stating, "the remuneration paid to Dole VA employees led to claims being submitted to, and paid by, the U.S. VA for well over $10 million dollars of Medtronic PAD, and later coronary, devices." (ECF No. 72 ¶ 51). There were no allegations related to the usage or sale of the Coronary Devices in connection with HRMC.

In full, the claims added to the Fourth Amended Complaint related to the Coronary Devices were as follows:

> The Medtronic/Covidien cardiovascular devices used in the schemes detailed herein are for the treatment of coronary disease. These include Medtronic/Covidien's coronary catheters, coronary guidewires, and coronary stents. In essence, this includes any coronary devices sold by Medtronic/Covidien employees Doug Winger, Greg Davisson, or Keri Montgomery Kirk to either Dole

---

[1] HRMC maintains its position that Relator has failed to state a claim as it relates to the Peripheral Devices as well. However, as this Court has already ruled this question, HRMC focuses this motion on the Coronary Devices, as defined in ¶ 39 of the FAC.

>VA or Hutchinson for the relevant time period in this complaint. Hereafter these devices are referred to collectively as Medtronic/Covidien's 'coronary devices.'"

(ECF No. 127, ¶ 39).

In twelve paragraphs throughout the Fourth Amended Complaint, Relator added "and coronary devices" to allegations related to peripheral devices with no additional factual support. (*See id.* ¶¶ 43–44, 52, 54–56, 59, 83, 85–87, 89). The FAC contains identical allegations against HRMC as the Fourth Amended Complaint. (*See* ECF No. 233 ¶¶ 43–44, 52, 54–56, 59, 82, 84–86, 88). The unsubstantiated addition of "and coronary" does not meet the pleading requirements of Rules 8, 9(b) or 12(b)(6) and the FAC should be dismissed as it pertains to the Coronary Devices.

### III. ARGUMENT

#### A. Legal Standards.

A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility requirement serves to "weed out claims that do not have a reasonable prospect of success." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). To survive a motion to dismiss, "a plaintiff must offer specific factual allegations to support each claim." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). A formulaic recitation of the elements of a cause of action fails to meet this standard. *Twombly*, 550 U.S. at 553. In determining whether adequate facts exist, the court is not bound to accept as true a legal conclusion couched as a factual allegation. *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010).

A plaintiff must show that it is plausibly entitled to relief—the "mere possibility of misconduct" is not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"Under this standard, the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Carter v. United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009).

A relator bringing a claim under the False Claims Act must also meet the heightened pleading requirements of Rule 9(b), and is required to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy this requirement, the complaint must "identify the time, place, content, and consequences of the fraudulent conduct." *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010) (citing *Koch v. Koch Indus.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (citation omitted)).

As it relates to the Coronary Devices, the FAC fails to meet the basic pleading standard under Rule 8 and does not come close to satisfying the heightened pleading requirements of Rule 9(b). Rule 9(b), requires "at a minimum" that the plaintiff set forth the "who, what, when, where and how of the alleged fraud," including the particular "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *U.S. ex rel. Smith v. Boeing Co.*, 505 F. Supp. 2d 974, 981–82 (D. Kan. 2007) (internal citations omitted).

**B. Schroeder Fails to Sufficiently Allege a Claim Based on the Anti-Kickback Statute.**

As it relates to the Coronary Devices, Relator has failed to allege a kickback claim. Although even the claims related to the Peripheral Devices lack factual support, they at least allege involvement of specific devices, specific peripheral physicians and procedures, and witnesses who observed events related to those peripheral devices. No such specifics are pled in connection with the Coronary Devices.

To survive, the FAC must contain facts sufficient to establish the elements of an illegal kickback for the Coronary Devices, including that HRMC solicited or received "remuneration,"

that it did so "knowingly and willfully," and that it did so "in return for" certain actions. *See* 42 U.S.C. § 1320a-7b(b)(1). The FAC must also establish a link between an illegal kickback and the submission of a false claim. The lack of facts in Schroeder's allegations related to Coronary Devices after four amendments to his complaint highlight the unavoidable conclusion that Schroeder seeks to tack on additional devices without any factual support. This is not enough to survive a motion to dismiss.

### 1. The FAC Fails to Adequately Allege an Illegal Kickback Based on the Coronary Devices.

Relator has pled no facts about the use or sale of the Coronary Devices. There are no facts regarding remuneration received from HRMC to induce the purchase of Coronary Devices, let alone any facts that could support the claim that any such remuneration was necessarily illegal, and not subject to statutory and regulatory safe harbor provisions. There is simply no information regarding any transactions regarding Coronary Devices, nor the illegality of any such transactions. This fails to meet the pleading standard as set forth in *Lemmon* and as applied to this case.

In *Lemmon*, the Tenth Circuit found the relator's pleadings of implied false certification claims sufficient where relator (1) "documented a series of instances in which they personally observed [defendant] violate its contractual and statutory obligations," (2) "detailed the violative activity [and] the regulation or contractual provision violated," (3) identified "the date on which the alleged violation occurred," (4) identified the date that "the Plaintiff witnessed or, at [defendant's] direction, participated in the activity," and (5) "explained how [defendant] was aware of the violations, listing specific instances in which Plaintiffs documented and/or informed their supervisors of the violations." 614 F.3d at 1169. In that case, the relator also "provided the dates, numbers, and amounts of [defendant's] requests for payment under its contracts with the

4

government" and identified the government's corresponding payments to those requests. *Id*. No such similar factual pleadings are included in the FAC as it relates to the Coronary Devices.

Relator's allegations against HRMC are limited to Paragraphs 82 through 100 of the Fifth Amended Complaint. (ECF No. 233). Those paragraphs include allegations of acts involving specific PAD devices, including allegations of sales proposals for PAD devices and procedures involving PAD devices. (*Id.* ¶¶ 93–98). However, Relator includes no such specifics relating to Coronary Devices. Instead, Relator simply added the words "and coronary devices" to allegations otherwise directed at use of PAD devices at HRMC. (*Id.* ¶¶ 82, 84–86, 88).

In *United States ex rel. Smith v. Boeing Company*, Relator's first amended complaint failed to meet Rule 9(b)'s pleading requirements and the Court granted leave to amend. 505 F. Supp. 2d at 975 ("The court previously found the first Amended Complaint deficient in part because it relied on vague allegations" and "alleged in broadest possible terms that '[defendant] submitted false claims and/or false documents to the United States[.]"). Defendant moved to dismiss the second amended complaint, but the court found it sufficient because the relator "adequately specified the particular aircraft [at issue,]" "identified the . . . parts that were allegedly nonconforming or defective," "spells out how the parts, and the processes used to manufacture them, allegedly failed to comply" with standards and requirements, and also "identified particular contracts at issue." *Id.* at 982. The court concluded,

> "[u]nlike the First Amended Complaint, Relators have now identified the contractual and other obligations allegedly imposed on defendants in connection with the sale of the aircraft, and they allege with sufficient particularity how the defendants failed in those obligations. The SAC also specifies the making of false certifications or representations (express and implied) to the U.S. Government, and it makes allegations tying such false representations to the submission of actual claims for payment.

*Id.* at 983.

5

Here, there are no similar specific factual allegations regarding the Coronary Devices. Schroeder did not name a single specific coronary device, coronary procedure, coronary physician, or coronary bulk deal that would support the Coronary Device claims. Unlike the parties in *Lemmon* and *Smith* the FAC contains no specific pleadings regarding the Coronary Devices that can survive a motion to dismiss.

Relator's allegations are exactly the kind of "threadbare recitals" deemed insufficient to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Relator attempts to drastically expand this case with bare assertions failing to satisfy clear pleading requirements. Accordingly, the Court should dismiss the Coronary Devices claims in the FAC.

### 2. The FAC Fails to Adequately Allege Causation Related to the Coronary Devices.

Schroeder fails to allege any facts supporting a conclusion that an illegal kickback caused the submission of a false claim for any of the Coronary Devices. The Anti-Kickback Statute provides that "a claim that includes items and services *resulting* from a violation of this section constitutes a false or fraudulent claim." 42 U.S.C. § 1320a-7b(g) (emphasis added). To satisfy that causation requirement, Schroeder must specifically and plausibly allege that the alleged kickbacks caused the submission of a false claim. "A kickback does not morph into a false claim unless a particular patient is exposed to an illegal recommendation or referral and a provider submits a claim for reimbursement pertaining to that patient." *U.S. ex rel. Greenfield v. Medco Health Sols., Inc.*, 880 F.3d 89, 100 (3d Cir. 2018). The FAC fails to allege any plausible link between the alleged kickbacks and any claim submitted to a federal healthcare program related to a Coronary Device.

6

Schroeder alleges that Mark Wilson controlled purchasing at HRMC and that he was given certain remuneration in the form of tickets and outings. But the FAC does not contain a single factual allegation connecting those unsupported contentions to the submission of a claim to a federal healthcare program for a Coronary Device. Schroeder does not connect the dots between Wilson's dealings with Medtronic, the decision to use the Coronary Devices in a procedure, and HRMC's submission of any claims for reimbursement to a federal healthcare program for such devices.

Schroeder's allegations regarding marketing events involving an HRMC physician do not bridge this wide causation gap. Schroeder alleges that Doug Winger hosted events for potential referring physicians and promoted physicians, such as HRMC physician Dr. Hagley, but does not include any such allegations for physicians performing procedures with the Coronary Devices. Critically, there is no allegation that any HRMC physician used Medtronic Coronary Devices because of those events or any actions of Medtronic.

The FAC fails to plausibly and specifically allege that any purported kickback caused the submission of a false claim to a federal healthcare program in connection with a Coronary Device.

### 3. The FAC Fails to Adequately Allege Scienter With Respect to the Coronary Devices.

To state a claim under the False Claims Act for violations of the Anti-Kickback Statute, Schroeder must allege two levels of scienter. First, he must allege that HRMC "knowingly and willfully" solicited a kickback "in return for" certain actions. 42 U.S.C. § 1320a-7b(b)(1). Schroeder attempts to plead scienter by alleging that Winger performed actions to "induce Hutchinson to directly purchase" Medtronic devices. (ECF No. 127 ¶ 89). Aside from being an insufficient conclusory statement, it says nothing about HRMC's knowledge or intent. The FAC does not allege any facts sufficient to show that HRMC knowingly and willfully sought an

improper benefit in return for certain actions. As explained throughout, there are simply no facts pled regarding the Coronary Devices and HRMC's knowing and willful actions related thereto.

Schroeder must also allege that HRMC knowingly presented a false claim to a federal healthcare program. 31 U.S.C. § 3729(a). The False Claims Act only applies to the knowing presentment of a false claim. 31 U.S.C. § 3729(a). The False Claims Act defines "knowing" as (1) "actual knowledge"; (2) "deliberate ignorance of the truth or falsity of the information"; or (3) "reckless disregard of the truth or falsity of the information." *Id.* § 3729(b)(1). It is not enough that Schroeder identify a falsehood; he must show that HRMC knowingly submitted a false claim. The False Claims Act's scienter requirement is "rigorous" and must be strictly enforced. *Universal Health Servs., Inc. v. U.S. ex rel. Escobar*, 136 S. Ct. 1989, 2002 (2016). Schroeder provides no allegations sufficient to conclude that HRMC knowingly presented a false claim to a federal healthcare program regarding the Coronary Devices. Conclusory statements about Wilson's intent are insufficient to satisfy the strict standard highlighted by *Escobar*.

**C.  Schroeder Fails to State a Claim for Conspiracy Related to the Coronary Devices.**

Schroeder's conspiracy claim as it relates to the Coronary Devices should suffer the same fate as his other inadequate claims. To state a claim for conspiracy under 31 U.S.C. § 3729(a)(1)(C), Schroeder "must show that: (1) [HRMC] agreed with [Medtronic] to get a false or fraudulent claim paid by the United States; and (2) [HRMC] or [Medtronic] performed an act to effect the object of the conspiracy. *U.S. ex rel. Conner v. Salina Reg'l Health Ctr.*, Inc., 459 F. Supp. 2d 1081, 1091 (D. Kan. 2006). Those acts must be pled with particularity. *U.S. ex rel. Lacy v. New Horizons, Inc.*, 348 F. App'x 421, 423 (10th Cir. 2009).

Schroeder alleges that HRMC and Medtronic conspired to violate the False Claims Act when Winger provided "free" devices "to net down the cost of Medtronic's bulk device proposals

8

to Hutchinson." (ECF No. 233 ¶ 179). Those allegations fail to state a claim for conspiracy because they fail to state a claim under the False Claims Act as discussed above.

Moreover, Schroeder's allegations lack the required particularity to survive under Rule 9(b). While he alleges HRMC and Medtronic "agreed verbally and in writing to commit" acts in furtherance of the conspiracy, (*Id.* ¶ 181), Schroeder provides the Court with no details of those alleged agreements, including the necessary "who, what, when, where and how" of the agreements for the Coronary Devices. *See Lemmon*, 614 F.3d at 1171. Schroeder's conclusory allegations are insufficient to survive under Rule 8, and clearly cannot satisfy the heightened pleading requirements of Rule 9(b).

### D. The Public Disclosure Bar.

Medtronic moved to dismiss the claims against it in the Fourth Amended Complaint related to "marketing services" at HRMC based on the Public Disclosure Bar, which HRMC joined. (ECF No. 150 at 30). HRMC moves to dismiss the claims against it for the same reasons articulated in Medtronic's motion to dismiss the Fourth Amended Complaint, namely, that the settlement between Medtronic/Covidien and the DOJ bars the current claims as they relate to HRMC because they are substantially similar to the settled claims. HRMC incorporates those arguments and similar arguments made in Medtronic's forthcoming motion to dismiss the FAC related to the Public Disclosure Bar. Accordingly, the FAC should be dismissed on this basis.

### IV. CONCLUSION

Because Schroeder fails to state a claim under Rules 8, 9(b) and 12(b)(6), the FAC should be dismissed with prejudice as it pertains to the Coronary Devices.

Respectfully submitted,

SPENCER FANE LLP

*s/ Mark A. Cole*
Mark A. Cole, KS #25349
Anna G. Schuler, KS #29040
6201 College Boulevard, Suite 500
Overland Park, KS 66211-2435
Tel: (913) 345-8100
Fax: (913) 345-0736
mcole@spencerfane.com
aschuler@spencerfane.com

***Attorneys for Defendant Hutchinson Regional Medical Center***

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2022, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*s/ Mark A. Cole*
Attorney for Defendant Hutchinson Regional Medical Center