## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. <br> THOMAS SCHROEDER, <br><br> Relator, <br><br> vs. <br><br> MEDTRONIC, INC., *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )      Case No. 17-2060-DDC-KGG <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM & ORDER GRANTING
## RELATOR'S MOTION TO AMEND REVISED SCHDEDLING ORDER
## FOR ADDITIONAL DEPOSITIONS

NOW BEFORE THE COURT is Relator's "Motion to Amend the Revised Scheduling Order for Additional Depositions" wherein Relator requests the number of depositions allotted to him be increased from 20 to 24.  (Doc. 300.) After review of the parties' submissions, the Court **GRANTS** the motion.

## BACKGROUND

### I.       General Background.

The procedural background of this case has been summarized numerous times, including in the undersigned Magistrate Judge's Memorandum & Order granting Motion to Stay.  (Doc. 216.)  That factual summary is incorporated herein.

Relator Thomas Schroeder[1] brought this *qui tam* action on behalf of the United States government (hereinafter "the United States" or "the government") in January 2017.  (Doc. 1.)  In the current, operative Complaint (Doc. 233), Relator brings a civil action pursuant to the False Claims Act, 31 U.S.C. § 3729, *et seq*., on behalf of the United States against Defendants Medtronic, Inc. and its corporate predecessor Covidien, L.P. ("Medtronic"), Hutchinson Regional Medical Center ("HRMC"), and Wichita Radiological Group ("WRG").  Therein, Relator seeks to "recover tens of millions of dollars in damages owed to the Government as a result of Defendants' alleged kickback schemes and seeking reimbursement for medically unnecessary treatment which includes promoting and marketing medical devices to be used 'off-label' in the procedures."  (Doc. 300; *see also* 233, ¶ 1.)

According to Relator, there are three separate counts brought against the various Defendants for violations of the False Claims Act:  Count I, Presenting False Claims for Payment; Count II, Use of False Statements; and Count III, Conspiring to Violate the False Claims Act.  (Doc. 300, at 3; Doc. 233.)  Relator contends that "[t]hese claims all involve the participation and/or witnessing of events by numerous individuals."  (Doc. 300, at 3.)

---

[1] Relator is a Regional Sales Manager for a company selling medical devices in Kansas and around the country.  (Doc. 26 at 3.)

Subsequent to the filing of the Fifth Amended Complaint, Defendants HRCM and Medtronic filed partial Motions to Dismiss (Docs. 243, 244), while Defendant WRG filed a Motion to Dismiss (Doc. 246).  These motions are currently pending before the District Court.

The current Scheduling Order (Doc. 98, with amendments thereto), includes a fact discovery deadline of April 30, 2023.  (Docs. 98, 301, text Order.) The Scheduling Order also states that no more than 20 depositions may be taken by each party and that all depositions be limited to 7 hours.  (Doc. 98, at 6.)  Relator has noticed 17 depositions thus far, with three remaining.  (Doc. 300, at 6.)

Relator argues that he needs the four additional depositions (for a total of 24) in order to effectively pursue his claims for which he has the burden of proof and that they are neither cumulative nor duplicative.  (*Id*., at 1.)   Relator continues that

> [e]ach of the witnesses has testimony that is probative to the issues of this case.  The depositions do not seek marginal evidence but rather testimony that is highly relevant to the facts of the underlying claims and defenses in this case.  Specifically, two of the proposed deponents are physician-employees of [WRG] whom Relator alleges performed medically unnecessary procedures that were billed to the U.S. Government in violation of the False Claims Act ("FCA").  The other two proposed deponents are third-party employees of the Veterans Administration ("VA") who actively participated in a 2018 internal investigation at the Robert J. Dole VA Medical Center ("Dole VA").  This investigation stemmed directly from the allegations

> Relator makes in this case. All four of these proposed
> depositions are proportional to the needs and amount in
> controversy of this particular case.

(*Id.*, at 1-2.) Relator continues that during the course of discovery, he learned that the Dole VA initiated an internal investigation in 2018 into "Relator's allegations about over-usage and over-purchase of Medtronic's medical devices and WRG's complicity in that conduct." (*Id.*, at 4.) Relator argues that the "actions and insights" of the VA employees who conducted the investigation are "highly relevant and probative to Relator's claims." (*Id.*)

Defendants respond that Relator has not established good cause for the additional depositions. (Docs. 306, 307, 308.) Medtronic continues that Relator's request for more depositions would be disproportionate to the needs of the case, Relator has not been diligent in the use of the 20 allotted depositions, and that Relator has not been cooperative in scheduling Medtronic's depositions. (*See generally* Doc. 306.) WRG's main argument against the additional depositions is that Relator "would not agree to cap the number of depositions at twenty-four and that he would not seek to increase this number in the future." (Doc. 307, at 2.) HRMC argues that Relator has run out of depositions because Relator "strategically" noticed depositions that otherwise would have been noticed by Defendants. (Doc. 308, at 1-2.)

## **ANALYSIS**

Pursuant to Fed.R.Civ.P. 16, the Scheduling Order "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4).  The Court exercises its sound discretion when deciding whether to modify a Scheduling Order.  *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011).  Even with this "broad discretion in managing the pretrial schedule," the Tenth Circuit has held that "total inflexibility is undesirable."  *Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997).  Also, a scheduling order that results in the exclusion of material evidence is "a drastic sanction."  *Id*.; *see also Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995) (holding that "[w]hile a scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril, rigid adherence to the ... scheduling order is not advisable." (citations and internal quotation marks omitted)).

The Court finds that Relator has established good cause for the requested amendment to the Scheduling Order.  An additional four depositions – when many of the depositions already noticed by Relator admittedly would have been noticed by Defendants anyway – is not disproportionate to the needs of this substantial and complex litigation.  The potential damages at issue are in the millions – if not tens of millions – of dollars.  The "essence" of Relators claims "relates to unsuspecting patients, including U.S. veterans, being subjected to unnecessary (and potentially

harmful) medical care resulting from the overuse of medical devices in PAD procedures." (Doc. 300, at 9-10.) Clearly, the are claims before the Court are significant – both substantively and potentially monetarily.

Relator's motion is, therefore, **GRANTED**. The Scheduling Order is amended to allow Relator up to 24 depositions.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 28th of March, 2023.

/s  KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge