# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>ex rel. THOMAS SCHROEDER,<br><br>Plaintiff,<br><br>v.<br><br>MEDTRONIC, INC.,<br><br>and<br><br>HUTCHINSON REGIONAL<br>MEDICAL CENTER,<br><br>Defendants. | Case No. 2:17-cv-02060-DCC-KGG |

## DEFENDANT MEDTRONIC, INC.'S FIRST SET OF
## REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

In accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Medtronic, Inc. ("Medtronic") requests that Plaintiff United States of America, ex rel. Thomas Schroeder ("Relator") furnish responses to the following Document Requests within thirty (30) days of service. Medtronic further requests that the Documents be produced on the 30th day following the date of service at Fredrikson & Byron, P.A., 200 South Sixth Street, Suite 4000, Minneapolis, MN 55402.

EXHIBIT A

## INSTRUCTIONS

1. These Requests for Production of Documents shall be deemed continuing and require supplemental responses to the extent You obtain or otherwise discover further responsive information after Your initial response.

2. Each Request for Production of Documents solicits all information and Documents available to You or obtainable from You, Your agents, representatives or attorneys.

3. If any Document relating to the subject matter of these Requests for Production of Documents has been destroyed or lost, describe the content of said Document, the last known location of any copies of said Document, the date of such destruction or loss, and the name of the person who ordered or authorized such destruction.

4. If You claim that any Document or information called for by any Request for Production of Documents is privileged, in whole or in part, or if You claim that any Document or information the identity of which is sought is immune from production or discovery regardless of its relevancy, then, pursuant to Rule 26(b)(5), supply the following in a privilege log: (a) the reasons for each claimed privilege or immunity; (b) the identity of each person having knowledge or any facts or opinions, if any, upon which the privilege or other immunity is based; and (c) in the case of any withheld Document, the date the Document was prepared, by whom it was prepared, to whom it was addressed, who signed the Document, and to whom copies were ever sent.

EXHIBIT A

# DEFINITIONS

1. "Complaint" means the Third Amended Complaint filed October 12, 2021, in the above-captioned matter. *See* ECF 72.

2. "Medtronic" means Medtronic, Inc. and its agents, employees, and anyone acting on their behalf, or any of their representatives.

3. "Document" shall have the meaning set forth in Fed. R. Civ. P. 34. Without limiting the generality of the foregoing, "document" shall include all written, typed, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, of every type and description that is in Your possession, control, or custody, or of which You have knowledge, including, but not limited to, correspondence, memoranda, affidavits, transcriptions of any conversation or testimony, tapes, stenographic or handwritten notes, calendar entries, studies, publications, books, pamphlets, pictures (drawings and photographs), films, microfilms, video or voice recordings, email, electronic documents, text messages, social media postings, comments and social media messages, maps, reports, recommendations, surveys, appraisals, minutes, statistical computations, tabulations, telegrams, telex messages, listings of phone calls, books of account, ledgers, expense records, accounts payable, accounts receivable, checks, vouchers, statements, analyses, and computer records (translated if necessary, by any person or entity that has control of such records through detection devices into reasonably usable form); every draft of each such document; every copy of each such document where the original is not in Your possession, custody, or control; and every copy of each such document where such copy is not an identical copy of an original or other copy, or where such copy contains any

commentary or notation whatsoever that does not appear on the original or other copy. The term "document" also includes all attachments, appendices, enclosures and other documents which accompanied the original document or drafts. It also shall include copies of such documents upon which appear any initialing, notation or handwriting of any kind not appearing on the original, whether such documents were prepared by agents or representatives of Plaintiff for his own use or for transmittal in any manner, or were received by him. The term "documents" applies to documents wherever located, whether in the files of any agent or representative of Plaintiff or in any file whatsoever in the possession or direction or control of Plaintiff, his agents, representatives or any other person retained by Plaintiff.

The enumeration of various specific items as included within the definition of the word "document" should not be taken to limit the generality of this term, and the requests herein mean all "documents" in the broadest and most comprehensive sense and meaning of this word. If any document was once in Your possession, but is no longer in Your custody or control, state what disposition was made of it.

4. "You," "Your" or "Relator" shall refer to Thomas Schroeder, his agents, anyone acting on his behalf, or any of his representatives or attorneys.

5. "Investigation" means any research, interviews, document review, or other investigatory action relating to allegations in the Complaint. For the avoidance of doubt, the term Investigation includes all investigatory actions, whether before or after the initiation of this action, and whether undertaken in furtherance of this or any other matter.

EXHIBIT A

6. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests for Production of Documents any information that may otherwise be construed to be outside their scope. The term "each" includes "every," and vice versa. The terms "a," "an," and "any" include "all," and "all" includes "a," "an," and "any." The singular usage of a noun, pronoun, or verb shall be considered to include within its meaning the plural form of the noun, pronoun, or verb so used, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun so used, and vice versa.

7. "Concerning" includes, but is not limited to the following meanings: bearing upon, relating to, regarding, addressing, respecting, discussing, mentioning, describing, reflecting, responding to, identifying, constituting, pertaining to, having to do with, or being in any way pertinent to the given subject, or to be in any way logically connected with the given subject.

8. Other terms shall have their ordinary and usual meanings. In the event of any ambiguity, the definitions set forth in Black's Law Dictionary (10th ed.) or the Merriam-Webster Dictionary (2016 ed.) shall control. In the event You contend that any request is ambiguous or vague as written, please state the specific basis for Your contention, provide Your understanding of the request as written, and produce documents responsive to that understanding. Medtronic reserves the right to clarify any such ambiguity and request the production of any undisclosed information or documents.

EXHIBIT A

## REQUESTS

**REQUEST NO. 1:** The Documents identified in Your Rule 26(a) disclosures.

**RESPONSE:**


**REQUEST NO. 2:** All documents upon which You relied in drafting the Complaint, or any prior filed version of the Complaint.

**RESPONSE:**


**REQUEST NO. 3:** All documents upon which You relied or to which You referred in answering any of Defendants' Interrogatories.

**RESPONSE:**


**REQUEST NO. 4:** All documents concerning Your calculation of damages, including Your methodology for making such calculation.

**RESPONSE:**


**REQUEST NO. 5:** All documents concerning each alleged kickback or remuneration identified in Your answers to Interrogatory Nos. 5 to 6, including any alleged payment or remuneration by Medtronic.

**RESPONSE:**

**REQUEST NO. 6:** All documents concerning each alleged false claim, record or statement identified in Your answers to Interrogatory Nos. 1 to 2.

**RESPONSE:**

**REQUEST NO. 7:** All Documents relating to any interactions between Relator and any employee of Medtronic, relating to the subject matter of this litigation, including but not limited to contemporaneous notes, reports, emails, and text messages.

**RESPONSE:**

**REQUEST NO. 8:** All Documents that You possess relating to the Dole VA Hospital concerning the sale of devices, the sale of PAD devices (Medtronic or otherwise), or the subject matter of this litigation, including but not limited to any contemporaneous notes, reports, emails, and text messages.

**RESPONSE:**

**REQUEST NO. 9:** All Documents that You possess relating to Hutchinson Regional Medical Center concerning the sale of devices, the sale of PAD devices (Medtronic or otherwise), or the subject matter of this litigation, including but not limited to any contemporaneous notes, reports, emails, and text messages.

**RESPONSE:**

**REQUEST NO. 10:** All Documents that You possess relating to Medtronic, Doug Winger, or Karianne Kirk.

**RESPONSE:**

**REQUEST NO. 11:**  All statements by any individual with knowledge of the claims or defenses in this matter.

**RESPONSE:**

**REQUEST NO. 12:**  All communications between Relator and the following people concerning his sale of devices, the sale of Medtronic devices, or the subject matter of this litigation with anyone (current or former employees) at Dole VA, Hutchinson Regional Medical Center and Wichita Radiology Group.

**RESPONSE:**

**REQUEST NO. 13:**  All documents related to Your allegations that the Dole VA purchased excessive or unnecessary devices from Medtronic.

**RESPONSE:**

**REQUEST NO. 14:**  All documents related to Your allegations that the Dole VA discarded or did not use Medtronic devices that it had paid for.

**RESPONSE:**

**REQUEST NO. 15:** All Documents related to the number of PAD procedures performed at the Dole VA, Hutchinson Regional Medical Center, or any other medical

facilities within Relator's geographic sales region during the relevant time period, including but not limited to documents supporting Your allegation in paragraph 81 of the Complaint that "between 2012 and 2017" Dr. Hagley "performed 760 PAD procedures" that were submitted to CMS.

**RESPONSE:**

**REQUEST NO. 16:** All photographs and videos taken by Relator or in Relator's possession related to the allegations in the Complaint, Hutchinson Regional Medical Center, Dole VA, or Medtronic devices.

**RESPONSE:**

DATED: December 30, 2021

          Respectfully submitted,

          *s/ Joseph Dixon*
          Joseph T. Dixon, III (*admitted pro hac vice*)
          **FREDRIKSON & BYRON, P.A.**
          200 South Sixth Street
          Suite 4000
          Minneapolis, MN 55402
          Phone: (612) 492-7000
          Fax: (612) 492-7077
          jdixon@fredlaw.com

          Robert J. McCully (KS #12433)
          Maureen O. Moeder (KS #78911)
          **SHOOK, HARDY & BACON L.L.P.**
          2555 Grand Blvd.
          Kansas City, MO 64108

Phone: (816) 474-6550
Fax: (816) 421-5547
Email: rmccully@shb.com
Email: mmoeder@shb.com

*Attorneys for Defendant Medtronic, Inc.*

74843218

EXHIBIT A