# EXHIBIT B



Fredrikson & Byron, P.A.
Attorneys and Advisors

200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
Main: 612.492.7000
fredlaw.com

March 24, 2023

VIA EMAIL ONLY

Brendan J. Donelon
Donelon, P.C.
4600 Madison, Suite 810
Kansas City, MO 64112

Daniel W. Craig
Donelon, P.C.
6642 Clayton Rd., #320
St. Louis, MO 63117

Carrie Mulholland Brous
Cristina Olson
Brous Law LLC
3965 West 83rd Street, Ste. #115
Prairie Village, KS 66208

Re:   *USA ex rel. Schroeder v. Medtronic, Inc., et al.*, 2:17-cv-02060-DCC-KGG
      Discovery Issues

Dear Counsel:

We write in response to raise and follow-up on issues between the parties, and to follow up on the teleconferences, which we believe took place on 3/6/23 and 3/8/23.

**Production of Third-Party Communications**. During the March 8, 2023 conference, we asked whether Relator or his counsel communicated with third-parties about the case, including reporters. Counsel confirmed that these communications took place, perhaps in writing or on the phone. We requested that Relator and his agents supplement their discovery and produce the non-privileged communications with third-parties about the Defendants, their employees and agents, or the substance of this case. Counsel agreed to do so. Please produce these document no later than March 29, 2023.

**Deposition Dates**. As you know, we have requested that Relator identify available dates for additional third-party depositions. To date, Counsel for Relator has declined to do so. As noted in my email, we will move forward with planning and noticing depositions.

The following responds to your letter of March 15, 2023.

**Redactions**. As we indicated during the March 6 teleconference, setting aside a handful of potential oversights, we maintain that our redactions are appropriate under the Federal Rules of Civil Procedure and in accordance with Judge Gale's prior instructions. With that said, as we

EXHIBIT B

Brendan J. Donelon, et al.
March 24, 2023
Page 2



have previously indicated, we remain willing to review specific documents as needed for purposes of court filings.

**"Delivery Note" data.**  Your summary on this data does not appear to capture our position or statements.  As we explained, the requests for production we received asked for the following data:  documents that identify the serial number (and/or any other unique identification marking), product name, date of sale or consignment, and employee(s) attributed to said sale/consignment.  *See* Relator's Requests for Production Nos. 5 and 6.  The data we produced contains: CFN, Invoice Date, Sales Representative, Product Description, Lot Number, Order Quantity, and Sold To Customer Name. Thus, Defendants produced the responsive data.

**Variance reports / Cycle Count records.**  Some additional responsive materials were recently identified.  We expect them to be produced in the next few days.

**Customer Experience Reports**.  In addition to not being responsive, we have made additional objections to the relevance of this request.  During the March 5 teleconference, for example, we expressed that (1) we believe these reports are likely not relevant, and (2) it is highly likely that any reports relating to Hagley, Rust, Gonda, or Winblad and the at-issue devices would have been collected and produced already, based on prior document reviews..

**DCB Brand Refresh Records and DCB Reimbursement Project.**  It is not clear to us whether there is additional responsive information, or whether these categories would have any relevance to this case.  Please advise us how these are relevant to the issues.

**Course feedback and materials.**  As we have reiterated, any course materials in Defendants' possession and associated with a conference an at-issue doctor attended has been produced.  We have confirmed that Medtronic does not appear to possess any Covidien-era course materials.

As to "Trainmydoctor," we believe it is possible to track events by doctor name. We have been advised that it does not appear that the doctors at issue in this case attended any PAD training listed in Trainmydoctor.

**Medtronic Academy.**  Based on our review, all responsive documents that we have identified in Defendants' possession have been produced.  We are not aware of any additional responsive documents. in this category.

**Internal memos or feedback.**  As previously noted, your request is overly broad and unduly burdensome and needs to be narrowed.

To the extent you specifically are narrowing the request based on the attached article, it refers to an unverified allegation of some sort of internal communication at Boston Scientific about a

EXHIBIT B

Brendan J. Donelon, et al.
March 24, 2023
Page 3



particular group of medical clinics called Modern Vascular. Neither Boston Scientific nor Modern Vascular are alleged to be at issue in this case. We are also aware of no similar internal complaints related to HRMC, WRG, or the Dole VA.

**Text messages requested in 8th RFP.** We do not believe there are deficiencies in the text message production—to the contrary, the text messages you requested were produced. We object to a request that we bear the burden and expense of re-doing our text message production because Relator has changed its mind.

**FDA labeling.** You have inquired into whether Medtronic has in its possession historical IFUS for DCB and atherectomy devices are no longer publicly available. We are inquiring looking into it.

**Winger "additional" texts**. Mr. Winger's response to the follow up was unambiguous. He had a specific recollection of the testimony and his intended meaning; He is not aware of any unproduced text messages that are part of that communication.

**No-charge device fund.** We are looking at the transcript and will follow up on this to try to get a better understanding of what Mr. Winger was referring to with his testimony.

**Covidien/Medtronic Due Diligence Documents**. Medtronic continues to object to this request as unduly burdensome and not relevant.

**Definitive LE and Definitive AR clinical data.** We have not agreed to produce all underlying clinical data, nor does the burden and relevancy of that discovery seem proportional to this case. In addition, we objected that Relator's Eighth RFP is overburdensome.

We have indicated that the data used to review these studies in connection with peer review publication is available. Nonetheless, we are exploring whether additional, non-patient level data is available without an undue burden.

**Medtronic and Covidien policies.** Defendants have produced policies on these topics. Indeed, the Code of Conduct policy used by Relator during deposition was produced for the relevant time period. We are not aware of any non-produced documents meeting this description.

EXHIBIT B

Brendan J. Donelon, et al.
March 24, 2023
Page 4



Sincerely,

FREDRIKSON & BYRON, P.A.

*Alethea M. Huyser*

Alethea M. Huyser
**Direct Dial:**  612.492.7103
**Email:**  ahuyser@fredlaw.com

EXHIBIT B