# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. THOMAS SCHROEDER, <br><br>Plaintiff, <br><br>v. <br><br>MEDTRONIC, INC., <br><br>and <br><br>HUTCHINSON REGIONAL MEDICAL CENTER, <br><br>Defendants. | Case No. 2:17-cv-02060-DCC-KGG |

**DEFENDANT MEDTRONIC, INC.'S
SECOND SET OF INTERROGATORIES TO PLAINTIFF**

In accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Medtronic, Inc. ("Medtronic") requests that Plaintiff United States of America, ex rel. Thomas Schroeder ("Relator") furnish answers to the following Interrogatories within thirty (30) days from the date of service. Medtronic further requests that the Interrogatory answers be produced to Fredrikson & Byron, P.A., 200 South Sixth Street, Suite 4000, Minneapolis, MN 55402-1425.

**INSTRUCTIONS**

1. Pursuant to Rule 33(a)(1), these Interrogatories must be answered by each of the parties to whom they are directed.

EXHIBIT G

2.      Pursuant to Rule 33(b)(3), each Interrogatory, and each subpart, must be answered fully, separately, in writing and under oath, except to the extent there is any objection thereto.

3.      Pursuant to Rule 33(b)(4), any objection that is made to an Interrogatory must state the grounds with specificity.  Answers and any objections must be served within thirty (30) days of service of these Interrogatories.  Any objection that is not made in a timely fashion will be waived.

4.      You may choose to produce records in lieu of providing a written answer upon determination, based on a good faith inspection of the documents, that the burden of ascertaining the answer to the Interrogatory from review of the records is the same for either party. If You choose this option, You must specify the records that must be reviewed in sufficient detail to enable Medtronic to locate and identify them readily.

5.      Pursuant to Rule 33(a)(5), each Plaintiff who is answering these Interrogatories must sign them.

6.      Pursuant to Rule 33(a)(5), each attorney who is making the objections to these Interrogatories must sign as to any objections.

7.      Pursuant to Rule 26(e)(1)(A), the answers to these Interrogatories must be supplemented and corrected if You learn thereafter that the answer is, in some material respect, incomplete or incorrect.

8.      Pursuant to Rule 26(b)(5), You are hereby directed to produce a privilege log for any information requested by these Interrogatories for which You are claiming immunity from production under the work product doctrine, attorney-client or other

privilege. The privilege log shall identify the document, thing, or other source containing the information with enough specificity to determine whether the identified privilege should apply, including: (a) the reasons for each claimed privilege or immunity; (b) the identity of each person having knowledge or any facts or opinions, if any, upon which the privilege or other immunity is based; and (c) in the case of any withheld Document, the date the Document was prepared, by whom it was prepared, to whom it was addressed, who signed the Document, and to whom copies were ever sent.

9. Objection will be made at the time of trial to any attempt to introduce evidence that is directly sought by these Interrogatories and to which no disclosure has been made.

## DEFINITIONS

1. "Complaint" means the Third Amended Complaint filed October 12, 2021, in the above-captioned matter. *See* ECF 72.

2. "Describe" means to state with particularity, including, but not limited to, each date, fact, event, occurrence, participant or document, and to identify each individual who can testify as to such stated dates, facts, events, occurrences, participants and documents.

3. "Medtronic" means Medtronic, Inc. and its agents and employees, anyone acting on their behalf, or any of their representatives.

4. "Document" shall have the meaning set forth in Rule 34. Without limiting the generality of the foregoing, "document" shall include all written, typed, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, of every type and description that is in Your possession, control, or custody, or of which You

3

have knowledge, including, but not limited to, correspondence, memoranda, affidavits, transcriptions of any conversation or testimony, tapes, stenographic or handwritten notes, calendar entries, studies, publications, books, pamphlets, pictures (drawings and photographs), films, microfilms, video or voice recordings, email, electronic documents, text messages, social media postings, comments and social media messages, maps, reports, recommendations, surveys, appraisals, minutes, statistical computations, tabulations, telegrams, telex messages, listings of phone calls, books of account, ledgers, expense records, accounts payable, accounts receivable, checks, vouchers, statements, analyses, and computer records (translated if necessary, by any person or entity that has control of such records through detection devices into reasonably usable form); every draft of each such document; every copy of each such document when the original is not in Your possession, custody, or control; and every copy of each such document when such copy is not an identical copy of an original, or other copy, or where such copy contains any commentary or notation whatsoever that does not appear on the original or other copy.  The term "document" also includes all attachments, appendices, enclosures and other documents that accompanied the original document or drafts.  It also includes copies of such documents upon which appear any initialing, notation or handwriting of any kind not appearing on the original, whether such documents were prepared by agents or representatives of Plaintiff for his own use or for transmittal in any manner, or were received by him.  The term "documents" applies to documents wherever located, whether in the files of any agent or representative of Plaintiff or in any file whatsoever in the possession or direction or control of Plaintiff, his agents, representatives or any other person retained by Plaintiff.

The enumeration of various specific items as included within the definition of the word "document" should not be taken to limit the generality of this term, and the requests herein mean all "documents" in the broadest and most comprehensive sense and meaning of this word. If any document was once in Your possession, but is no longer in Your custody or control, state what disposition was made of it.

5. "You," "Your" or "Relator" shall refer to Thomas Schroeder, his agents, anyone acting on his behalf, or any of his representatives or attorneys.

6. "Identify" means:

a) in the case of a person other than a natural person, its name, the address of its principal place of business (including zipcode), its telephone number, and the name of its chief executive officer, as well as, if a person other than a natural person ultimately controls it, that other person's name, the address of that person's principal place of business (including zipcode), that other person's telephone number, and the name of that other person's chief executive officer;

b) in the case of a natural person, his or her name, business address and telephone number, employer, title or position, and home address and telephone number if current business contact information is unknown;

c) in the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the person who made the communication, the identity of all persons who received the communication, the identity of each other person present when it was made, and the subject matter discussed;

5

EXHIBIT G

d) in the case of a document, the title of the document, the author, the title or position of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages; and

e) in the case of an agreement, its date, the place where it occurred, the identity of all persons who are or were parties to the agreement, the identity of each person who has knowledge of the agreement and all other persons present when it was made, and the subject matter of the agreement.

7. "Investigation" means any research, interviews, document review, or other investigatory action relating to allegations in the Complaint. For the avoidance of doubt, the term Investigation includes all investigatory actions, whether before or after the initiation of this action, and whether undertaken in furtherance of this or any other matter.

8. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories any information that may otherwise be construed to be outside their scope.  The term "each" includes "every," and vice versa.  The terms "a," "an," and "any" include "all," and "all" includes "a," "an," and "any."  The singular usage of a noun, pronoun, or verb shall be considered to include within its meaning the plural form of the noun, pronoun, or verb so used, and vice versa.  The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun so used, and vice versa.

9. "Concerning" includes, but is not limited to the following meanings: bearing upon, relating to, regarding, addressing, respecting, discussing, mentioning, describing, reflecting, responding to, identifying, constituting, pertaining to, having to do with, or

6

being in any way pertinent to the given subject, or to be in any way logically connected with the given subject.

10. "Investigation" means any research, interviews, document review, or other investigatory action relating to allegations in the Complaint. For the avoidance of doubt, the term Investigation includes all investigatory actions, whether before or after Relator's complaint, and whether undertaken in furtherance of this or any other matter.

11. Other terms shall have their ordinary and usual meanings. In the event of any ambiguity, the definitions set forth in Black's Law Dictionary (10th ed.) or the Merriam-Webster Dictionary (2016 ed.) shall control. In the event You contend that any Interrogatory is ambiguous or vague as written, please state the specific basis for Your contention, provide Your understanding of the request as written, and answer the Interrogatory as You understand it. Medtronic reserves the right to clarify any such ambiguity and request an answer to any such clarified Interrogatory.

## INTERROGATORIES

**INTERROGATORY NO. 21.**   Identify each procedure that you claim in the Complaint was "medically unnecessary", including, but not limited to, the date, the physician performing the procedure, the patient, all witnesses who were present during the procedure, and the Medtronic medical devices used during the procedure.

**ANSWER:**

**INTERROGATORY NO. 22.**  For each alleged medically unnecessary procedure identified in Your response to Interrogatory No. 21, set forth any and all facts You contend support Your assertion that the procedure was unnecessary.

**ANSWER:**

**INTERROGATORY NO. 23.**  For each alleged medically unnecessary procedure identified in Your response to Interrogatory No. 21, set forth any and all facts You contend support Your assertion that Medtronic caused in any way the alleged medically unnecessary procedure.

**ANSWER:**

**INTERROGATORY NO. 24.**  Identify each procedure that you claim in the Complaint involved the alleged off-label promotion or off-label use of any Medtronic medical devices, including, but not limited to, the date, the physician performing the procedure, the patient, all witnesses who were present during the procedure, and the Medtronic medical devices used during the procedure.

**ANSWER:**

**INTERROGATORY NO. 25.** For each procedure identified in Your response to Interrogatory No. 24, set forth any and all facts You contend support Your assertion that the procedure involved the alleged off-label promotion or off-label use of medical devices.

**ANSWER:**

**INTERROGATORY NO. 26.** For each procedure identified in Your response to Interrogatory No. 24, set forth any and all facts You contend support Your assertion that Medtronic caused in any way the alleged off-label use of a Medtronic medical device.

**ANSWER:**

**INTERROGATORY NO. 27.** Identify each procedure that you claim in the Complaint harmed veteran patients, including, but not limited to, the date, the physician performing the procedure, the patient, all witnesses who were present during the procedure, the alleged harm, and the medical devices used during the procedure.

**ANSWER:**

**INTERROGATORY NO. 28.** For each procedure identified in Your response to Interrogatory No. 27, set forth any and all facts You contend support Your assertion that the procedure caused harm to veteran patients.

**ANSWER**:

DATED:  May 13, 2022

Respectfully submitted,

*s/ Joseph Dixon*
Joseph T. Dixon, III (*admitted pro hac vice*)
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street
Suite 4000
Minneapolis, MN 55402
Phone: (612) 492-7000
Fax: (612) 492-7077
jdixon@fredlaw.com

Robert J. McCully (KS #12433)
Maureen O. Moeder (KS #78911)
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Phone:  (816) 474-6550
Fax: (816) 421-5547
Email: rmccully@shb.com
Email: mmoeder@shb.com

*Attorneys for Defendant Medtronic, Inc.*