IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* THOMAS SCHROEDER,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>MEDTRONIC, INC., et al.,<br><br>　　　　　　　　　　Defendants. | Civil Action No. 2:17-02060-DCC-KGG |

**DEFENDANT WICHITA RADIOLOGICAL GROUP, P.A.'s
RESPONSE IN OPPOSITION TO RELATOR'S MOTION TO AMEND
REVISED SCHEDULING ORDER FOR EXTENSION OF EXPERT DEADLINES**

COMES NOW, Defendant Wichita Radiological Group, P.A. ("WRG"), by and through its counsel of record, Eric W. Barth and Krystle M. Dalke of Hinkle Law Firm LLC, and for its Response in Opposition to Relator's Motion & Supporting Memorandum to Amend the Revised Scheduling Order for Extension of Expert Deadlines (Doc. 325) states as follows:

**I.　BACKGROUND**

Relator Thomas Schroeder initiated this *qui tam* action over six years ago. Since that time and with the unfair advantage of substantial discovery, Relator has added two additional defendants and morphed his claims into something far different than originally plead. Judge Crabtree previously dismissed Relator's medical necessity claims prior to the addition of WRG as a defendant, but allowed Relator the opportunity to amend in order to state with particularity the basis for his fraud claims. Over the course of this case, however, Relator cherry-picked certain discovery in an attempt to plead his allegations of fraud with particularity, but failed to omit certain allegations that are contrary to the evidence identified through discovery. Yet, despite multiple opportunities to amend and satisfy the necessary pleading requirements, the Fifth Amended

Complaint still fails to state a claim under the False Claims Act against WRG under Fed. R. Civ. P. 12(b)(6) and 9(b). Currently pending before the Court is WRG's Motion to Dismiss Relator's Fifth Amended Complaint.

As discovery is ongoing while Defendants' various motions to dismiss are pending, Relator has attempted to bolster his baseless claims of medical necessity against Defendants. In an effort to gain access to patient records that the U.S. Department of Veterans Affairs has refused to turn over, Relator filed a separate Administrative Procedures Act case against the VA. *See Thomas Schroeder, et al. v. The United States Department of Veterans Affairs*, Case No. 2:22-cv-2209-DDC-KGG (the "APA litigation"). The District Court has not yet ruled on the various issues in the APA litigation, including whether the VA will be forced to provide patient records and the scope of any such production.

Relator now seeks to amend the Revised Scheduling Order (Doc. 234) to extend the expert deadlines while he awaits Judge Crabtree's decision in the APA litigation. WRG opposes Relator's instant motion, as this is just one more stall tactic Relator hopes to benefit from to overcome his deficient pleadings.

## II.     ARGUMENT AND AUTHORITIES

### A.  Standard for Amending Scheduling Orders

"The deadlines set by the Court in its Scheduling Orders are not merely aspirational." *Tran v. County of Douglas*, No. 21-2310-KHV-KGG, 2022 WL 1102653, at *3 (April 13, 2022) (quoting *Little v. Budd Co., Inc.*, No. 16-4170-DDC-KGG, 2018 LW 276773, at *1 (D. Kan. Jan. 3, 2018)). "Rather, the orderly, timely and efficient management of litigation by the Court and counsel is important to the administration of justice." *Id.* (citing Fed. R. Civ. P. 1). Numerous courts have held that a "Scheduling Order is not a frivolous piece of paper, idly entered, which can

be cavalierly disregarded by counsel without peril." *Lehman Brothers Holdings Inc. v. Universal American Mortgage Company, LLC*, No. 13-cv-00089-WJM-KLM, 300 F.R.D. 678, 681 (D. Colo. May 7, 2014) (citations omitted). Tardy substantive changes to the Scheduling Order can be unfair, and can cause substantial delay and expense. *Tran*, 2022 WL 1102653, at *3 (citing *Little*, 2018 LW 276773, at *1). Under Fed. R. Civ. P. 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent."

### B. Relator's Motion to Amend Should be Denied

Despite wanting to continue fact discovery in an attempt to gain evidence to support his otherwise deficiently plead claims, Relator now essentially seeks a stay of expert discovery until Judge Crabtree makes a ruling with respect to his *Touhy* requests in the APA litigation filed against the VA. The Court was well aware of the pending APA litigation when it amended the scheduling order previously. Relator did not seek the type of amendment he does now, essentially putting most of the expert deadlines on hold until the APA litigation is resolved. Fact discovery is set to close in this matter on April 30, 2023. Additionally, the pretrial order is due to be submitted on September 12, 2023, the Pretrial Conference is set for September 19, 2023, and dispositive motions must be filed by October 26, 2023.

WRG opposes Relator's instant motion as he has had six years to seek the records he contends he needs to establish medically unnecessary procedures performed by WRG physicians in the Dole VA cath lab. The Court was aware of Relator's efforts to gain VA patient records and entered the Revised Scheduling Order with full knowledge of the pending APA litigation. Allowing Relator to essentially stay the case at this juncture does not fulfill the purpose of the Federal Rules, namely securing the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Aside from merely stating that the resolution of the APA litigation is necessary to determine if the medical records Relator seeks will be produced, Relator has not set forth how he has purportedly satisfied the good cause standard of Rule 16(b). *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (quoting *Moothart v. Bell,* 21 F.3d 1499, 1504 (10th Cir. 1994) (Demonstrating good cause under the rule "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay."); *Wood v. LP Conversions Inc.*, No. 14-2228-CM-KGG, 2014 WL 6387543, at *1 (D. Kan. Nov. 14, 2014) ("It is well-established in this District that motions to modify a scheduling order focus 'on the diligence of the party seeking to modify the scheduling order.'")). Relator fails to explain why he did not seek these records sooner from the VA and has not presented evidence as to his due diligence efforts. The fact that Relator's experts cannot render an opinion without the information is not a sufficient showing of diligence on the Relator's part. Relator has not shown good cause under Fed. R. Civ. P. 16(b)(4) and his motion should be denied.

### C. If Relator's Motion is Granted, Other Amendments to the Scheduling Order Will be Necessary

Should the Court grant Relator's motion, WRG requests the Court similarly extend Defendants' expert disclosure deadlines as well as the remaining pretrial deadlines contained in the Revised Scheduling Order. Under the Revised Scheduling Order, Defendants' expert disclosure deadlines are 60 days from the date Relator's disclosures are due. If the Court grants Relator relief in the APA litigation and is allowed additional time to disclose expert reports in this case, Defendants will need at least 60 days, if not more, after Relator's expert deadline to make their expert disclosures.

Relator's motion also ignores how the requested relief impacts the remaining deadlines in the Revised Scheduling Order. The Pretrial Conference is scheduled for September 19, 2023, and

dispositive motions are due October 26, 2023.  If the Court stays the expert discovery deadlines, then these dates will have to be extended or stayed as well.  If not, Defendants will be prejudiced in conducting expert discovery, preparing the pretrial order, and filing dispositive motions.

### III.     CONCLUSION

For the foregoing reasons, Defendant Wichita Radiological Group, P.A. respectfully requests the Court deny Relator's Motion & Supporting Memorandum to Amend Revised Scheduling Order for Extension of Expert Deadlines.

Respectfully submitted,

HINKLE LAW FIRM LLC

By: /s/ Eric W. Barth
Eric W. Barth, KS # 21193
Krystle M. Dalke, KS #23714
1617 North Waterfront Parkway, Suite 400
Wichita, Kansas 67206
Telephone:     316-267-2000
Facsimile:     316-630-8466
E-mail:  ebarth@hinklaw.com
*Attorney for Defendant*
*Wichita Radiological Group. P.A.*

### CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of April, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all attorneys of record.

/s/ Eric W. Barth
Eric W. Barth