# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>*ex rel.* THOMAS SCHROEDER, )<br>    )<br>    Relator, )<br>    )<br>       vs. )<br>    )<br>MEDTRONIC, INC., *et al.*, )<br>    )<br>    Defendants. )<br>_____) | Case No. 17-2060-DDC-KGG |

## MEMORANDUM & ORDER DENYING MOTION TO COMPEL

Now before the Court is Realtor's Motion to Compel Defendant Medtronic to produce text messages with hospital employees and doctors.  (Doc. 318.) Having reviewed the submissions of the parties, Defendant's objections are **sustained** and Realtor's motion is **DENIED**.

## BACKGROUND

Plaintiff United States of America ("USA"), *ex rel.* Thomas Schroeder ("Realtor") brings action against Defendants Medtronic, Inc. ("Medtronic"), Covidien L.P. ("Covidien"), Hutchison Regional Medical Center ("HRMC") and Wichita Radiological Group, P.A. ("WRG") under the False Claims Act, 31 U.S.C. § 3729, alleging that Defendant's Medtronic and Covidien "paid illegal remuneration to induce purchase of medical devices."  (Doc. 318, at 1.)  Realtor

1

further alleges that Medtronic employees were rewarded for marketing or encouraging the "overuse" and "off label" use of Peripheral Disease devices. (*Id.*)

The present motion arises from Realtor's request for text messages from Medtronic. (*Id.*, at 2.) Due to "identified deficiencies with the previous text message production," Relator issued Request Nos. 109-120. (*Id.*) The requests sought the following:

- All text messages and "written and graphical communications," such as emojis and pictures, from 2011 to the present between the Doug Wigner, Kari Kirk, or Greg Davisson and any employee of the Dole VA (including VA employees Teri Brinkley, Stan Hett, Travis January, Jimmie Lee, Deborah Pankey, Jennifer Graham, Richard Nold, Belinda Honier, Diane Kenne). (Requests Nos. 109 – 11.)

- All text messages and "written and graphical communications" from 2011 to the present between the Doug Wigner, Kari Kirk, or Greg Davisson and any WRG physician (including Dr. Shaun Gonda, Dr. Kermit Rust, Dr. Bret Winblad, and Dr. Chris Baalman). (Requests Nos. 112 – 114.)

- All text messages and "written and graphical communications" from 2011 to the present between the Doug Wigner, Kari Kirk, or Greg Davisson and any HRMC employee (including Mark Wilson, Carol Atkins-Ray, Denise Orpin, Cassandra Dolen, Nancy Ferris, and Kelly Isham). (Requests Nos. 115 – 117.)

- All **"text message, email, written, and graphical communications"** from 2011 to the present in which Doug Winger, Kari Kirk, or Greg Davisson and Dr.

2

>  Michael Hagley were included.  (Requests Nos. 118 – 120.)

(Doc. 318-1, at 5 - 14.)  Realtor contends there are unexplained gaps in several text message strings between Doug Winger and Travis January and/or Jimmie Lee, missing text messages in group text messages between Doug Winger and several VA employees, and potentially missing "responsive" text messages that were not flagged during Medtronic's electronic search of messages.  (*Id.*, at 5-6.)

Medtronic objects that the requests are overly burdensome and grossly disproportionate, asserting that the requests will "unnecessarily invade the private lives of these individuals by compelling the production of their *complete* text message histories," including messages "wholly unrelated" to Relator's claims.  (Doc. 328, at 2 (emphasis in original).)  Medtronic contends its efforts to "sift through mountains" of documents and data within the following parameters: "search terms were used only for text messages *between* Medtronic employees," and "messages with the VA and Hutchinson were reviewed in their entirety." (*Id.*, at 4.)  This resulted in Medtronic producing 1,700 documents reflecting text messages between Doug Winger, Kari Kirk, Greg Davisson and employees of HRMC or Dole VA.  (*Id.*, at 5.)  This process allegedly cost Medtronic between $20,000 - $30,000.  (*Id.*)

Furthermore, Medtronic asserts that there are no gaps in text messages, and to the extent that there are gaps, these are consistent with Realtor's initial request.

3

(*Id.*, at 6).  It continues that the requests are not facially relevant to the case and asserts that Realtor bears the burden of proving their relevance. (*Id.*, at 9-10) (citing **Marso v. SafeSpeed, LLC**, No. 19-CV-02671-KHV-KGG, 2021 WL 4149075, at *2 (D. Kan. Sept. 13, 2021)).  Finally, Medtronic argues that even if the requests are relevant, the scope of requests are limited to communications relevant to the claims made by Realtor.  (*Id.*, at 13 (citing Fed. R. Civ. P. 26(b)(1).)

Realtor replies that Medtronic's burden objections should be overruled because "[a] party objecting based on burden is responsible for providing the Court with a detailed estimate of hours and costs per hour to produce or review the records."  (Doc. 335, at 1-2 (citing **Murray v. Manorcare of Topeka, KS, LLC**, No. 19-2148-DDC-KGG, 2020 WL 1819884, at *18 (D. Kan. Apr. 10, 2020).)  Additionally, Realtor argues that the need for the communications is relevant because it would inform the scope of the relationship between the Medtronic salespeople and the hospital's physicians.  (*Id.*, at 3.)

## ANALYSIS

**I.  Standards for Discovery.**

Fed. R. Civ. P. 26(b) states that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at state in the action, the amount in controversy, the parties' relative

4

> access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The requested information must therefore be nonprivileged, relevant, and proportional to the needs of the case to be discoverable. ***Holick v. Burkhart***, No.16-1188-JTM-KGG, 2018 WL 372440, at *2 (D. Kan. Jan. 11, 2018).

Discovery requests must be relevant on their face. ***Williams v. Bd. of County Comm'rs***, 192 F.R.D. 698, 705 (D. Kan. 2000). Relevance is to be "broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." ***Smith v. MCI Telecommunications Corp.***, 137 F.R.D. 25, 27 (D. Kan. 1991).

Once this low burden of relevance has been established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request. *See* ***Swackhammer v. Sprint Corp. PCS***, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004) (stating that the party resisting a discovery request based on overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the burden to support the objections). Thus, "the objecting party must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for

5

production or interrogatory is objectionable." ***Sonnino v. University of Kansas Hosp. Authority***, 221 F.R.D. 661, 670–71 (D. Kan. 2004).

## II.   Discovery at Issue.

As discussed above, Realtor requests all text messages, "written and graphical communications, and/or email from 2011 to the present between Doug Winger, Kari Kirk, Greg Davisson and individuals who worked at the Dole VA or HRMC. It is uncontested that certain communications were excluded in Medtronic's production to Realtor. It remains contested whether the remaining communications are relevant and whether production of these documents would be unduly burdensome.

Relator asserts that the communications sought are relevant because failure to produce all communications may permit Medtronic to portray its salespersons' relationships with the hospitals "as casual and friendly, with no improper influence to purchasing decisions or patient care." (Doc. 335, at 3.) Realtor argues that Medtronic "should not get the benefit of [such] an argument … when it has denied Realtor the complete text communications." (*Id.*)

Medtronic argues that Realtor's proposal, wherein Medtronic turn over all communications involving the listed individuals, is disproportionate to the needs of the case. Medtronic relies on authority from several District Courts in the Tenth Circuit which have consistently denied overbroad discovery requests for "all

6

communications" as disproportionate to the needs of a case. (Doc. 328, at 13-14 (citing ***EmployBridge, LLC v. Riven Rock Staffing, LLC***, No. CV 16-833 WJ/KK, 2016 WL 9281488, at *5 (D.N.M. Dec. 16, 2016); ***Billy v. Edge Homes, LLC***, Case No. 2:19-cv-00058-JNP-CMR, 2021 WL 764119, at *2 (D. Utah Feb 26, 2021); ***Duffy v. Lawrence Mem'l Hosp.***, No. 2:14-CV-2256-SAC-TJJ, 2016 WL 7386413, at *6 (D. Kan. Dec. 21, 2016).) Medtronic also argues that Realtor is only entitled to "relevant claims made by Realtor in this case," rather than "*all* communications between Medtronic's employees and hospital or physician staff." (Doc. 328, at 13.)

The requested discovery seeks, among other things, all communications between Doug Winger, Kari Kirk, Greg Davisson to individuals who worked at the Dole VA or HRMC beyond what was provided in Medtronic's initial responsive production. Realtor has not established how accessing all text communications between these individuals from 2011 to the present would be proportionate to the needs of the case. Moreover, Medtronic has identified that the requests either (i) do not fall within the scope of Realtor's request or (ii) the communications sought do not exist. In short, Realtor has not demonstrated how production of all text communications are relevant. ***DIRECTV, Inc. v. Puccinelli***, 224 F.R.D. 677, 684 (D. Kan. 2004) (holding that "when relevancy is not apparent on the face of the . . . request, the party seeking the discovery has the burden of showing the relevancy of

7

the information or document sought."). Further, given the effort already expended to provide responsive information, the Court finds that Plaintiff has not established the additional information sought is proportionate to the needs of the case.

The Court thus **sustains** Medtronic's relevance and proportionate objections to Requests for Production Nos. 109-120. Realtor's motion to compel (Doc. 318) is, therefore, **DENIED**.

**IT IS THEREFORE ORDERED** that Relator's Motion to Compel (Doc. 318) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 3rd day of May, 2023, at Wichita, Kansas.

        s/ Kenneth G. Gale
        HON. KENNETH G. GALE
        U.S. MAGISTRATE JUDGE