# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. THOMAS SCHROEDER, | ) ) ) |
| Relator, | ) ) |
| vs. | ) ) Case No. 17-2060-DDC-KGG |
| MEDTRONIC, INC., *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM & ORDER GRANTING
## RELATOR'S MOTION TO AMEND REVISED SCHDEDLING ORDER
## FOR EXTENSION OF EXPERT DEADLINES

Now before the Court is the "Motion to Amend the Revised Scheduling Order for Extension of Expert Deadlines" filed by Relator. (Doc. 325.) Having reviewed the submissions of the parties, the motion is **GRANTED**.

## BACKGROUND

### I.   General Background.

The procedural background of this case has been summarized numerous times, including in the undersigned Magistrate Judge's Memorandum & Order granting Motion to Stay. (Doc. 216.) That factual summary is incorporated herein.

1

Relator Thomas Schroeder[1] brought this *qui tam* action on behalf of the United States government (hereinafter "the United States" or "the government") in January 2017.  (Doc. 1.)  In the current, operative Complaint (Doc. 233), Relator brings a civil action pursuant to the False Claims Act, 31 U.S.C. § 3729, *et seq*., on behalf of the United States against Defendants Medtronic, Inc. and its corporate predecessor Covidien, L.P. ("Medtronic"), Hutchinson Regional Medical Center ("HRMC"), and Wichita Radiological Group ("WRG").  Therein, Relator seeks to "recover tens of millions of dollars in damages owed to the Government as a result of Defendants' alleged kickback schemes and seeking reimbursement for medically unnecessary treatment which includes promoting and marketing medical devices to be used 'off-label' in the procedures."  (Doc. 300; *see also* 233, ¶ 1.)

According to Relator, there are three separate counts brought against the various Defendants for violations of the False Claims Act:  Count I, Presenting False Claims for Payment; Count II, Use of False Statements; and Count III, Conspiring to Violate the False Claims Act.  (Doc. 300, at 3; Doc. 233.)  Relator contends that "[t]hese claims all involve the participation and/or witnessing of events by numerous individuals."  (Doc. 300, at 3.)

---

[1] Relator is a Regional Sales Manager for a company selling medical devices in Kansas and around the country.  (Doc. 26 at 3.)

2

Subsequent to the filing of the Fifth Amended Complaint, Defendants HRCM and Medtronic filed partial Motions to Dismiss (Docs. 243, 244), while Defendant WRG filed a Motion to Dismiss (Doc. 246).  These motions are currently pending before the District Court.  No party has requested the suspension of deadlines pending the District Court's ruling on these motions.

The current Scheduling Order includes a fact discovery deadline of April 30, 2023.  (Docs. 234 and 301, text Order.)  The Scheduling Order also states that no more than 20 depositions may be taken by each party and that all depositions be limited to 7 hours.  (Doc. 234, at 6.)  The undersigned Magistrate recently granted Relator's request to amend the current Scheduling Order to allow Relator up to 24 depositions.  (*See* Doc. 314.)

Relator now moves the Court to amend the Revised Scheduling Order (Doc. 234) to extend the expert disclosure deadline for two expert witnesses.  (Doc. 325.)  When the present motion to amend was filed on April 14, 2023 (Doc. 325), the following deadlines had not expired:

- Fact discovery deadline:  April 30, 2023
- Relator's expert disclosures:  April 17, 2023
- Defendants' expert disclosures:  June 14, 2023
- Rebuttal expert disclosures:  July 17, 2023
- Expert witness discovery:  August 23, 2023

- Draft Pretrial Order due:  September 12, 2023
- Final Pretrial Conference:  September 19, 2023
- Dispositive motion deadline:  October 26, 2023
- "Daubert" motions deadline:  42 days before trial
- Jury trial:  July 2, 2024

(*See generally, id.*)

As to the request to extend his expert disclosure deadline, Relator argues that two of his experts, Dr. Kim Hodgson and Dr. Caitlin Hicks, cannot render their opinions until after they review medical records (or a sampling thereof) of veterans treated at the Robert J. Dole VA Medical Center ("Dole VA") from January 2011 to March 2018.  (*See id.*)  The potential production of these records is subject to an Administrative Procedure Act ("APA") case currently pending before Judge Crabtree related to Relator's *Touhy* requests.  (*See* Case No. 22-2209-DDC-KGG.)

Relator also argues that an additional expert (or experts) is unable to set forth an opinion until Defendant HRMC produces, and answers certain questions regarding, data allegedly missing from a production – which Relator and HRMC were scheduled to discuss prior to the filing of the present motion.  (Doc. 325, at 2.)  The Court notes that there is no pending motion concerning this potential discovery issue.  The Court has not held, nor have the parties requested, the

4

required informal conference on this issue. Also, the parties have not requested and Court has not approved an extension of the rule 37.1 deadline to file a motion. The Court expresses no opinion about whether this discovery is actually "pending." Although the present motion to amend the Scheduling Order was filed prior to the expiration of the April 30th discovery deadline, neither the motion nor the response suggest any other incomplete fact discovery.

Also pending is a motion to compel (Doc. 342) filed by Defendant Medtronic. This motion is not yet ripe for consideration by the Court.

As mentioned above, the fact discovery deadline expired on April 30, 2023. There has been no request by any party to extend that deadline. Thus, fact discovery is over except for 1) evidence sought from the Dole VA, which is pending in the collateral APA case (22-2209-DDC-KGG) and 2) evidence that is the subject of the pending motion to compel (Doc. 342).

## ANALYSIS

I.   **Standards for Amending Scheduling Order.**

Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." "In practice, this standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" ***Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n***, 771 F.3d 1230, 1240 (10th Cir. 2014) (citing ***Pumpco, Inc. v. Schenker Intern., Inc.***, 204 F.R.D.

667, 668 (D. Colo. 2001) (quotations omitted)).  *See also* **Pfeiffer v. Eagle Mfg. Co.**, 137 F.R.D. 352, 355 (D.Kan.1991); Fed.R.Civ.P. 16 advisory committee note to 1983 Amendment.  The lack of prejudice to the nonmovant does not show "good cause."  **Deghand v. Wal-Mart Stores, Inc.**, 904 F.Supp. 1218, 1221 (D. Kan. 1995) (citations omitted).

**II.     Application of Standard to Circumstances Presented.**

Relator contends that in order to provide an opinion on whether the procedures at issue were in fact "medically necessary," his experts need to review patient medical records which are the subject of the APA case before District Judge Crabtree.  (Doc. 325, at 3.)  That APA matter was fully briefed on March 13, 2023, and remains pending before the District Court.  (*See generally* Case No. 22-2209-DDC-KGG.)

As for the False Claims Act and Anti-Kickback claims against HRMC and Medtronic, Relator alleges that Medtronic's sales representatives 'provided illegal remuneration to HRMC in turn for the purchase of its peripheral and cardiac devices' from April 2016 to April 2020.  (Doc. 325, at 3.)  Relator continues

> that due to the continuous bribes paid by Medtronic, all the peripheral and cardiac devices were tainted under the [Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b)].  In turn, HRMC used these tainted devices in procedures billed for reimbursement to federal healthcare programs.

6

(*Id.*)  Relator contends that these billings violated the False Claims Act, 31 U.S.C. §3729, *et seq*.  (*Id.*)

The Court notes that HRMC produced a significant amount of billing data and documents for the relevant time period during discovery.  Relator states that his experts "are reviewing this data to match all the various Medtronic peripheral and cardiac devices used in procedures and the reimbursements received for said procedures."  (*Id.*)  That stated, Relator contends that in order to complete the expert report, "some of the requested data is missing and Relator is working HRMC regarding this issue."  (*Id.*)

Relator is unable to request a specific date proposed deadline for the expert reports of Dr. Hodgson and Dr. Hicks because Relator cannot predict the success of his APA case.  (*Id.*, at 4.)  Relator also states that he cannot predict "how much time will be needed to complete the reporting" because he does not know the number of patients treated and, thus, the size of any sampling.  (*Id.*)  According to Relator, "[t]hese figures will directly impact the amount of time needed to complete these reports."  (*Id.*)  Relator thus asks to submit a status report to the Court within 14 days of the District Court's ruling on the APA matter.

As to the remaining expert(s), as stated above, Relator argues that an additional expert (or experts) is unable to set forth an opinion until Defendant HRMC produces, and answers certain questions regarding, data allegedly missing

7

from a production.  (Doc. 325, at 2.)  Relator proposes that this deadline be extended to a date "[w]ithin 21 days of Defendant HMRC and Relator resolving issues on data production."  (*Id.*, at 5.)  Relator contends that this situation is "outside of [his] control."[2]  (*Id.*)

Defendant WRG argues that Relator "has had six years to seek" the records relating to the allegedly medically unnecessary procedures.  (Doc. 343, at 4.)  WRG notes that the Court "was aware of Relator's efforts to gain VA patient records and entered the Revised Scheduling Order with full knowledge of the pending APA litigation."  (*Id.*)  According to WRG, the purpose of Fed.R.Civ.P. 1 to secure the "just, speedy, and inexpensive determination of every action and proceeding" is not fulfilled by granting Relator's request, which would essentially stay the case for an indeterminate amount of time.  (*Id.*)

Defendant Medtronic also opposes Relator's request for an unlimited extension, contending that "[a]t the close of fact discovery, Relator has failed to identify any admissible evidence to support his medical necessity claim."  (Doc.

---

[2]  Relator argues that an additional expert is unable to set forth an opinion until HRMC produces, and answers certain questions regarding, data allegedly missing from a production.  (Doc. 325, at 2.)  Relator proposes that this deadline be extended to a date "[w]ithin 21 days of Defendant HMRC and Relator resolving issues on data production." (*Id.*, at 5.)  Relator contends that this situation is "outside of [his] control."  As stated above, no motion is pending before the Court concerning this issue.  There has been no informal conference on this issue as required by D. Kan. Rule 37.1(a).  Further, the parties have not requested and Court has not approved an extension of the D. Kan. Rule 37.1(c) deadline to file such a motion.  The Court expresses no opinion about whether this discovery is actually "pending."

348, at 2.)  Medtronic argues that Relator has proposed "an open-ended extension to see if he can have unlimited time to adduce such evidence despite the absence of any fact witness to support Relator's medical necessity claims."  (*Id*.)

WRG argues that Relator has failed to establish the requisite good cause to amend the Scheduling Order.  (Doc. 343, at 4.)  According to WRG,

> Relator fails to explain why he did not seek these records sooner from the VA and has not presented evidence as to his due diligence efforts.  The fact that Relator's experts cannot render an opinion without the information is not a sufficient showing of diligence on the Relator's part.

(*Id*.)  Medtronic also argues that Relator has failed to establish the requisite good cause because he cannot establish that the "deadlines and limits in the Scheduling Order could not be met with diligence."  (Doc. 348, at 12.)

The Court does not agree.  Relator has adequately explained why his inability to meet the deadline is out of his control given that his experts need to review patient medical records which are the subject of the APA case before District Judge Crabtree.  (Doc. 325, at 3.)

WRG correctly points out that this extension would potentially impact other remaining deadlines in the Scheduling Order – such as the Pretrial Conference setting and dispositive motion deadline.  (Doc. 343, at 4-5.)  According to Medtronic, an additional – and unlimited – extension to the Scheduling Order in this case "would wreak havoc on the timeline of this case and require the extension

of numerous other deadlines." (Doc. 348, at 14.) Medtronic argues that "[t]his alone is a sufficient reason to deny the request." (*Id*.) Plaintiff does not deny that the requested extension would impact other deadlines, but counters that "this is a very large and complex case" involving "claims over $300 million in damages and penalties under the FCA involving three defendants" and subject to "round after round of motions to dismiss" filed by Defendants. (Doc. 346, at 3.)

In his reply brief to WRG, Relator counters that it is "nonsensical" for WRG to argue that Relator is merely attempting to employ a "delay tactic." (*Id*., at 2.) Relator asserts that the Court was aware of the potential need to extend these deadlines as it was "discussed at the hearing where the parties sought to extend the factual discovery and mediation deadlines." (*Id*.) Relator also points out that he has not had six years to compile this information as the case was not unsealed until April 2020, which made it impossible for Relator to conduct discovery. (*Id*., at 2-3.) Further, Relator served the underlying *Touhy* request to the VA in January 2021. Relator asserts that the timing of the subsequent VA responses and the issuance of its final decision were outside of his control. The Court agrees.

Relator's motion to amend the Scheduling Order (Doc. 325) is **GRANTED** as follows:

- All expert disclosure deadlines, all deadlines/hearings set for May 1, 2023, or later, and the trial date are **suspended** pending the District

Court's ruling on the APA case and undersigned Magistrate Judge's ruling on the pending motion to compel.

- Following the ruling in the APA case, the Magistrate Judge will hold a status conference to re-set the remaining deadlines, hearing dates, and trial.

- Other than the 2 matters noted above (the Dole VA evidence that is the subject of the APA matter and the evidence that is the subject of the pending motion to compel, Doc. 342), **fact discovery has ended**. **No party may issue additional fact discovery without leave of court**.

**IT IS THEREFORE ORDERED** that Relator's Motion to Amend Revised Scheduling Order (Doc. 325) is **GRANTED** as set forth above.

**IT IS SO ORDERED.**

Dated this 15th day of May, 2023, at Wichita, Kansas.

/S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge