IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>ex rel. **THOMAS SCHROEDER,**<br><br>**Plaintiff,**<br><br>v.<br><br>**MEDTRONIC, INC., COVIDIEN, L.P., HUTCHINSON REGIONAL MEDICAL CENTER, and WICHITA RADIOLOGICAL GROUP, P.A.,**<br><br>**Defendants.** | Case No. 17-2060-DDC-BGS |

### **MEMORANDUM AND ORDER**

Before the court is a Motion to Redact and Seal (Doc. 385). Defendants Medtronic, Inc. and Covidien L.P. (collectively, "Medtronic") move the court to redact "business sensitive sales data" set forth on page 19 of plaintiff Thomas Schroeder's Response (Doc. 381) to Medtronic's Motion to Strike. Doc. 385 at 1. Defendants also move the court to seal Exhibit V of plaintiff's Response (Doc. 381) to Medtronic's Motion to Strike which presents "a more detailed breakdown of the same sales data." Doc. 385 at 2. Plaintiff filed page 19 and Exhibit V provisionally under seal on August 24, 2023 (Doc. 382) and filed a Notice of Proposed Sealed Record on the same day (Doc. 383). Defendants Medtronic filed an Unopposed Motion to Redact and Seal (Doc. 385) on August 31, 2023.

D. Kan. Rule 5.4.2 governs motions to seal and redact and a "party seeking to file court records under seal must overcome a presumption, long supported by courts, that the public has a common-law right of access to judicial records." *Luo v. Wang*, 71 F.4th 1289, 1304 (10th Cir. 2023) (citation and internal quotation marks omitted). Concluding that defendants have

shouldered their burden, the court grants defendants' Motion to Redact and Seal (Doc. 385) for reasons explained below.

D. Kan. Rule 5.4.2(c) requires a Proponent who "seeks to maintain any portion of the document under seal" to file a "motion to seal or redact in the public record." The "Proponent" must include in that motion a "description of the specific portions" which is "narrowly tailored to the asserted confidentiality interest." D. Kan. Rule 5.4.2(c)(1). The Proponent also must identify the "confidentiality interest to be protected" and the potential "injury that would result in the absence of restricting public access." *Id*. at 5.4.2(c)(2)–(3). Finally, the Proponent must explain "why restricting public access will adequately protect the confidentiality interest in question" and indicate whether "the motion is opposed or unopposed." *Id*. at 5.4.2(c)(4)–(5). A Proponent requesting redactions "must separately email the document to chambers with its proposed redactions highlighted in yellow." *Id*. at 5.4.2(c).

Defendants Medtronic filed an Unopposed Motion to Redact and Seal in the public record. *See* Doc. 385. *First*, defendants seek to redact "business sensitive sales data" set forth on page 19 of plaintiff's Response (Doc. 381) to the Motion to Strike. Doc. 385 at 2; Doc. 382–1. Defendants separately emailed page 19 to chambers with the proposed redactions highlighted in yellow. Defendants ask the court merely to redact three numerical dollar figures from page 19. All three of these dollar figures disclose defendants' total sales of a medical device to Dole VA over a particular timeframe. Doc. 382–1. *Second*, defendants seek to seal the entirety of Exhibit V to plaintiff's Response (Doc. 381) to the Motion to Strike. Doc. 385 at 2. Exhibit V (Doc. 382–2) consists of seven pages of numerical sales data, presented in tables, that, defendants explain, "provide[] a more detailed breakdown of the same sales data" as page 19. Doc. 385 at 2.

Defendants identify the injury of this motion's denial as the availability of this sales data to competitors and the public. *Id*. Defendants cite Tenth Circuit precedent where the court grants leave to seal documents that "contain proprietary business information." *Id*. Finally, defendants acknowledge the public's "interest in access to court filings." *Id*. But defendants assert that their "interest in maintaining . . . sales data as confidential outweighs the public's interest in access" to it. *Id*. at 2–3. Defendants contend that they are "seeking to redact and seal as little information as possible." *Id*. at 3. The motion is unopposed. *Id*.

The court has reviewed the proposed redacted figures on page 19 and the proposed sealed Exhibit V and finds the unopposed motion complies with the governing standard for permitting a party to make sealed filings. It concludes that their sealing is consistent with the prevailing legal standard.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' Unopposed Motion to Redact and Seal (Doc. 385) is granted. Doc. 382-1 and Doc. 382-2 shall remain under seal and the clerk is directed to remove the provisional designation. The clerk is directed to unseal Doc. 382.

**IT IS SO ORDERED.**

**Dated this 7th day of September, 2023, at Kansas City, Kansas.**

               **s/ Daniel D. Crabtree**
               **Daniel D. Crabtree**
               **United States District Judge**