IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>*ex rel.* THOMAS SCHROEDER )<br>        )<br>    Relator, )<br>        )<br>        ) Case No. 2:17-02060-DCC-KGG<br>        )<br>MEDTRONIC, INC.; COVIDIEN, L.P.; )<br>HUTCHINSON REGIONAL MEDICAL )<br>CENTER, and WICHITA )<br>RADIOLOGICAL GROUP, P.A. )<br>        )<br>    Defendants. ) | |

**RELATOR'S MOTION TO AMEND SCHEDULING ORDER
TO REOPEN FACT DISCOVERY FOR LIMITED PURPOSE**

COMES NOW the United States of America ("USA"), *ex rel.* Thomas Schroeder Relator, and pursuant to Fed.R.Civ.P. 16(b)(4), hereby moves this Court for an Order amending the Revised Scheduling Order (Doc. 361) to reopen limited fact discovery as to an affirmative defense recently asserted by defendants Medtronic, Inc., Covidien, L.P., (hereafter jointly referred to as "Medtronic") and Hutchinson Regional Medical Center ("HRMC"). Relator maintains he has good cause for this request and provides the following suggestions in support of this Motion.

### I. Introduction

This litigation has been going on now for over six years. However, defendants Medtronic and HRMC have only recently filed their Answers to Relator's operative complaint. (Fifth Amended Complaint ("5AC") (Doc. 233)). HRMC's and Medtronic's first and only Answers to the 5AC were filed on August 24 and 31, 2023, respectively. (Docs. 379, 384). These Answers were filed several months after the close of fact discovery which occurred on March 30, 2023.

(Doc. 234).  Note: this matter is still in the expert discovery phase, with deadlines regarding those witnesses being April 24, 2024.  This unusual sequence of events is the result of Medtronic's and HRMC's decision to pursue motions to dismiss in lieu of filing answers.  While it was certainly their right to do so, it prevented defendants from pleading any affirmative defenses.  Meanwhile, in the interest of judicial efficiency, the district court permitted discovery to proceed while all of the defendants' motions to dismiss were pending.  The defendants' final motions to dismiss were resolved in the Court's August 10, 2023 Memorandum and Order, granting in part and denying in part the motions. (Order, Doc. #368).[1]  Defendants' Answers to Relator's 5AC were filed thereafter on August 24 and 31, 2023.

Relator has alleged in the 5AC that Medtronic and HRMC violated the Federal anti-kickback statute, 42 U.S.C § 1320a-7b(b) ("AKS"), by exchanging medical devices free of charge as part of larger bulk purchases of other devices.  Relator claims that these devices were illegal remuneration provided to induce these sales.  There are certain exceptions ("safe harbors") to sales between device manufacturers and the buyers.  In both of their Answers, Medtronic and HRMC have pled this "safe harbor" affirmative defense to liability for Relator's claims under the AKS.

Relator's request here is straightforward: since discovery closed before defendants pled this affirmative defense, Relator asks that he be permitted very brief and limited discovery into the basis of that affirmative defense.  Specifically, Relator seeks to take one Rule 30(b)(6) deposition from Medtronic regarding where the "no charge" devices given by Medtronic to HRMC would have physically come from.  These no charge devices impacted the sale price of

---

[1]  A concise procedural history of this case up to now is provided in the Court's Memorandum and Order, at *United States ex rel. Schroeder v. Medtronic, Inc.*, 2023 WL 5152513, at *1-2 (D. Kan. Aug. 10, 2023) (Doc. 368, pgs. 2-4).

2

other devices, and therefore, play an essential role in any alleged "safe harbor" defense under the AKS. Assuming Medtronic's designated corporate representative has been prepared as required by Rule 30(b)(6),[2] Relator anticipates the deposition should take no more than a few hours to complete. That is the extent of the requested discovery.

Relator anticipates defendants' opposition to this request will include an argument that Relator "already knew" that defendants would eventually plead the safe harbor defense, and therefore should have conducted discovery on it prior to the discovery deadline (and prior to defendants even pleading the defense). In defendants' initial motions to dismiss the Second Amended Complaint, they did assert this affirmative defense as grounds for dismissal. However, Judge Crabtree correctly denied this argument finding that such defenses cannot be grounds for dismissal.

It is true that some discovery took place relating to the safe harbor defense prior to the discovery cutoff date. However, until defendants actually filed their Answers last month, Relator did not, and could not, know for sure whether the safe harbor affirmative defense would be invoked. Therefore, not all discovery was performed on it prior to the cutoff date (*i.e.*, discovery on where the free devices behind the "no charge" discounts came from). Moreover, as discussed below, Relator was under no legal obligation to "anticipate" what defenses the defendants "might" eventually plead and conduct prophylactic discovery on them. That said, Relator is only seeking one remaining factor relevant to this affirmative defense: where did the no charge

---

[2] *See, e.g., Starlight Int'l v. Herlihy,* 186 F.R.D. 626, 639 (D. Kan.1999) (citations omitted) ("Rule 30(b)(6) implicitly requires the designated representative to review all matters known or reasonably available to it in preparation for the Rule 30(b)(6) deposition …. Producing an unprepared witness is tantamount to a failure to appear at a deposition.").

3

devices physically come from that were provided by Medtronic to HRMC. None of the discovery to date touched upon this one factor.

Finally, this request will not cause delay in this litigation. The parties are still conducting expert discovery through April 2024. The addition of one relatively short 30(b)(6) deposition will not impact any of the existing deadlines in the Second Revised Scheduling Order.

Applying the recognized factors of consideration to the situation at hand, Relator respectfully suggests that his request is made in good faith and supports reopening discovery for the very brief and limited requested purpose—a single deposition under Rule 30(b)(6) directed to Medtronic.

## II.   Basis for Specific Discovery Requested

This Motion addresses the free or "no charge" devices provided by Medtronic to HRMC to secure device sales. Both Medtronic and HRMC admit the underlying conduct occurred (*i.e.*, that Medtronic did give free devices to HRMC) but claim that any such devices provided in these sales are barred by the "safe harbor" affirmative defense. In Medtronic's Answer to the 5AC, it asserts the following affirmative defense:

> Relator's claims are barred in whole or in part because Defendant's conduct falls within an applicable statutory or regulatory "safe harbor" to the Federal Anti-Kickback Statute set forth in 42 U.S.C. § 1320a-7b(b)(3) and 42 C.F.R. § 1001.952.

(Doc. 384, Affirmative Defenses, ¶ 12, pg. 24). In HRMC's Answer to the 5AC, it asserts the following affirmative defense:

> Relator's claims are barred in whole or in part because Defendant's conduct falls within an applicable statutory or regulatory "safe harbor" to the Federal Anti-Kickback Statute set forth in 42 U.S.C. § 1320a-7b(b)(3) and 42 C.F.R. § 1001.952.

(Doc. 379, Affirmative Defenses, ¶ 10, pg. 25).

4

Now that defendants have filed Answers and have formally pled this "safe harbor" affirmative defense, Relator seeks very brief and limited discovery on it. Specifically, as stated above, Relator seeks to take one Rule 30(b)(6) deposition from Medtronic regarding where the "no charge" devices given by Medtronic to HRMC would have physically come from.  This information is relevant to this affirmative defense.  At trial, if defendants are able to proceed with this defense, where the devices came from and how they were processed by Medtronic is information that may be of assistance to the fact finders.

### III.  Argument

**A.    Standard of Review for Modifying a Scheduling Order to Reopen Discovery.**

"A scheduling order 'may be modified only for good cause and with the judge's consent.' FED. R. CIV. P. 16(b)(4)." *Les Indus. Wipeco, Inc. v. Bluestem Mgmt. Advisors, LLC*, No. 21-2289-JAR-ADM, 2023 WL 2117814, at *1 (D. Kan. Feb. 17, 2023). "Whether to reopen discovery is within the sound discretion of the trial court." *Rutledge v. Bd. of Cnty. Commissioners of Johnson Cnty.*, No. 20-2012-DDC-GEB, 2021 WL 274514, at *3 (D. Kan. Jan. 27, 2021).  The following six factors guide the Court's determination of whether discovery should be reopened:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Id.  See also, Benjamin v. Bd. of Trustees of Barton Cnty. Cmty. Coll.*, No. 17-2557-JAR, 2020 WL 4785107, *1-3 (D. Kan. Aug. 18, 2020).

Relator could not locate a District of Kansas case where the court considered a plaintiff's motion to reopen discovery in the same circumstances presented here.  However, it is apparent

5

that Kansas district courts readily grant motions to reopen discovery when good cause is presented. *See*, *e.g.*, *Les Indus. Wipeco, Inc.*, 2023 WL 2117814, at *1-4 (granting plaintiff's motion to reopen discovery where the defendant had "changed its position" on a relevant issue "just days before the discovery deadline"); *Rutledge*, 2021 WL 274514, at *3-4 (granting plaintiff's motion to reopen discovery finding that "this was not a diligence issue" on the plaintiff's part); *Benjamin*, 2020 WL 4785107, at *2-3 (granting defendant's motion to reopen discovery in wrongful discharge action where plaintiff obtained new employment after discovery closed but did not supplement responses); *Cole v. Precision Aviation Controls*, No. 19-1295-KHV-KGG, 2020 WL 7353862, at *2-3 (D. Kan. Dec. 15, 2020) (granting plaintiff's motion to reopen discovery based upon determination that the plaintiff "was not aware of the need (or advantage) to conduct the requested discovery" until after discovery had closed).

There are other district and circuit courts that have granted motions to reopen discovery under similar circumstances. In *Morgan v. Gandalf, Ltd.*, 165 F. App'x 425 (6th Cir. 2006), four months after the close of discovery, the district court permitted the defendant to file an amended answer asserting a new affirmative defense. The plaintiff sought to reopen discovery regarding this affirmative defense which the court denied. On appeal, the Circuit Court observed that "[t]he district court having thus granted defendants relief from the standard pleading requirements, it might have been expected to afford plaintiff corresponding lenity by granting his request to reopen discovery." The Court held that that the plaintiff had "made a facially persuasive case for reopening discovery" and had "demonstrated good cause for reopening discovery." *Id*. at 430.

In response to the district court court's reasoning that the plaintiff should have "anticipated" the defendant's newly asserted affirmative defense and sought discovery of it prior

6

to the discovery deadline, the Circuit Court stated that "[a]lthough the district court rightly observed that plaintiff had reason to believe defendants intended to assert the MCA defense, *plaintiff can hardly be deemed to have been under a legal obligation to anticipate it in discovery*." Thus, the Circuit Court "conclude[d] the district court abused its discretion by denying plaintiff's request to reopen discovery." *Id*. at 431 (emphasis added).

In *New York v. Micron Tech., Inc.*, No. C 06-6436 PJH, 2009 WL 29883 (N.D. Cal. Jan. 5, 2009), the plaintiff State of New York filed an antitrust suit against various defendants. In response, the defendants all filed motions to dismiss. After the court granted in part and denied in part the motions to dismiss, the plaintiff filed an amended complaint. The defendants again all responded by filing motions to dismiss. The court subsequently denied the motions. The defendants thereafter filed their answers, including several affirmative defenses. The answers were filed after discovery had closed. The plaintiff sought "leave to conduct discovery concerning these affirmative defenses." *Id*. at *1–2. The basis for the request was that:

> [Plaintiff] is entitled to fair notice of the defenses defendants are asserting in this action. Plaintiff contends that "but for" the fact that *defendants filed several motions to dismiss, and then served their answers after the close of fact discovery*, plaintiff would have been able to conduct discovery on these defenses in preparation for summary judgment and/or trial. Plaintiff maintains that it will suffer prejudice if it is unable to conduct discovery into defendants' affirmative defenses because defendants will be able to "keep secret until trial their information, if any, as to the challenged defenses."

*Id*. at *2 (emphasis added).

The defendants opposed the Plaintiff's motion, arguing that the "plaintiff was on notice of the affirmative defenses defendants were likely to assert insofar as: (1) plaintiff had access to defendants' answers filed in an earlier related action before the close of discovery in this case; and (2) issues relating to affirmative defenses unique to this action were raised in defendants' first motion to dismiss and in discovery." *Id*. at *5. Reiterating that the defendants' answers were

7

filed <u>after</u> the close of discovery, the court agreed with the plaintiff that it "will suffer prejudice if it is unable to conduct discovery on these defenses because it will be unable to adequately prepare for these defenses at the summary judgment stage or at trial." *Id*.

Rebutting the defendants' argument that the plaintiff was aware and "on notice" of the affirmative defenses before discovery ended, the court retorted that:

> The court finds entirely unpersuasive defendants' argument that plaintiff should not be permitted to conduct discovery on their affirmative defenses because plaintiff was on notice of these defenses from related earlier-filed litigation and from the discovery already propounded in this action. *Plaintiff is not required or expected to speculate as to which defenses defendants will assert or to assume that any affirmative defense will be asserted at all*. Defendants offered neither persuasive argument nor citation to controlling authority in support of any such requirement.

*Id*. at 6 (emphasis added).

Based on this reasoning and further finding that the defendants "have not persuasively articulated any prejudice they would suffer if discovery was re-opened," the court granted the plaintiff's motion to reopen discovery. *Id*.

These two cases are similar to the circumstances here. Instead of filing answers, the defendants filed multiple motions to dismiss. Only after the motions to dismiss were finally resolved did the defendants file their answers, formally notifying Relator of the affirmative defenses they were claiming in this case. However, by this time, discovery had already closed. Relator should have the right to conduct his requested limited discovery on this affirmative defense, and Relator will be prejudiced if that is denied. As the Circuit Court in *Morgan* and the district court in *New York* both note, Relator was under no legal obligation to speculate on what affirmative defenses, if any, defendants would ultimately claim and conduct potentially useless discovery on them.

### B.     Relator Has Established Good Cause to Reopen Discovery for the Requested Limited and Narrow Purpose.

Consideration of the six applicable factors supports a finding that Relator has established good cause for his request to reopen discovery for the stated limited purpose.

#### 1.    Whether trial is imminent.

Trial in this matter is not scheduled to begin until April 4, 2025, *eighteen* months away. (Second Revised Scheduling Order, Doc. 361). The fact that trial is not imminent supports Relator's request.  See, *Les Indus. Wipeco, Inc.*, 2023 WL 2117814, at *2-4 (finding "additional discovery should not interfere with trial because it is not set to begin until approximately six and a half months from now."); *Rutledge*, 2021 WL 274514 at *3-4 ("Trial is not imminent, which weighs in favor of reopening discovery"). This factor supports Relator's request.

#### 2.    Whether the request is opposed.

This request is opposed by the relevant defendants: Medtronic and HRMC.

#### 3.    Whether the non-moving party would be prejudiced.

While granting Relator's motion could theoretically cause some nominal "prejudice" to the defendants, it is hard to fathom what "undue prejudice" could result. As stated, trial in this matter is still one and one-half years away.  There is still active expert discovery being conducted until April 24, 2024.[3]  And, Relator only seeks to take one Rule 30(b)(6) deposition that should only last a few hours.  There is nothing inherently unfair in permitting Relator this very limited discovery.

As stated by the court in *Rutledge*, 2021 WL 274514 at *3-4, while "there is no doubt Defendant will be prejudiced in a practical sense by the extension of deadlines," that prejudice

---

[3] As of this filing, expert discovery is awaiting medical records from the VA.  So, until those are received, really nothing of any substance is occurring in that respect.

9

would be "minimal" given the limited "specific discovery period" that would be imposed. Here, that specific limitation would be one Rule 30(b)(6) deposition to take place as soon as possible at the convenience of the parties and counsel—and would still be conducted during an open phase of discovery. *See also*, *Les Indus. Wipeco, Inc.*, 2023 WL 2117814, at *2-4 (holding that while reopening discovery "could possibly" prejudice the defendants, "[Plaintiff] is entitled to a full and fair opportunity to conduct discovery on this narrow issue in view of [Defendants'] belated change in position on this issue."); *Cole*, 2020 WL 7353862, at *2-3 (court "acknowledge[d] the prejudice to Defendants of reopening discovery" but held that "[t]he prejudice caused will not be undue." The court further stated that "[w]hile Defendants may be in a more strategically advantageous position without Plaintiff being allowed to conduct the depositions, this does not equate to undue prejudice."). This factor supports Relator's request.

### 4. Whether the moving party was diligent in obtaining discovery within the guidelines established by the court.

As stated above, until defendants Medtronic and HRMC filed their Answers last month formally asserting the "safe harbor" affirmative defense, Relator could not have definitively known – nor was under any legal obligation to know – which of the myriad of potential defenses needed discovery to take place on. This extension is not being sought because of Relator's overall lack of diligence in conducting discovery on all his claims. Indeed, thirty depositions have taken place and over 150,000 bates-numbered documents have been produced. Once defendants filed their answers on August 24 and 31, 2023 asserting this affirmative defense, the Relator raised this issue with defendants and now with this Court. In short, Relator did not fail to pursue discovery on an unclaimed and uncertain defense due to any lack of diligence. Relator has at all times been diligent in pursuing discovery in this case. This "most important factor" supports a finding of good cause on Relator's part. *See*, *Les Indus. Wipeco, Inc.*, 2023 WL

2117814, at *3 ("The moving party's diligence—the fourth factor and the crux of a good-cause determination—remains the most important factor.").

### 5. The foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court.

Presumably, defendants have always known they would be asserting the "safe harbor" affirmative defense to liability for Relator's claims. Therefore, it was entirely foreseeable that once that defense was formally asserted in their answers, Relator would need additional discovery on it. Defendants chose to pursue motions to dismiss during the discovery period. They formally asserted the "safe harbor" defense after discovery closed.

While discovery on the "safe harbor" affirmative defense *was not foreseeable to Relator* until it was formally asserted in the answers, it *was entirely foreseeable to defendants* that Relator would then need this additional discovery after the close of discovery. See, *Rutledge*, 2021 WL 274514, at *4 (D. Kan. Jan. 27, 2021) ("Based on the disclosure of these witnesses in the parties' initial disclosures, and Defendant's inability to reach Plaintiff's counsel at the close of discovery (which was later determined to be due to his hospitalization), it was not completely unforeseeable to Defendant that Plaintiff would need additional discovery at the time discovery closed. This factor weighs in favor of reopening discovery."); *Les Indus. Wipeco, Inc.* 2023 WL 2117814, at *3 ("[Plaintiff] could not have foreseen the need for additional discovery on the transfer of its deposits until [Defendant] changed its position via Johnson's deposition testimony, which was just days before the discovery deadline."); *Benjamin*, 2020 WL 4785107, at *2 ("Moreover, the need for information about Plaintiff's subsequent terminations was not foreseeable to Defendant before discovery closed."). This factor supports Relator's request.

**6. The likelihood that the discovery will lead to relevant evidence.**

The limited discovery requested by Relator is relevant to the "safe harbor" affirmative defense recently raised by defendants. As previously mentioned, if this affirmative defense is permitted a trial (*i.e.,* survives any motion for summary judgment or motion *in limine*), where the no charge devices physically came from—and what paperwork is required to utilize them as discount for a sale of other devices—is information the fact finder could use to determine the application of this defense as instructed by the Court. This factor supports Relator's request.

WHEREFORE, and for good cause shown, Relator respectfully requests that this Court issue an Order modifying the Revised Scheduling Order to reopen discovery for the limited and narrow purpose as requested by Relator.

Respectfully submitted,

Carrie Mulholland Brous KS #18157
Cristina Olson D. Kan. #79005
**Brous Law LLC**
3965 West 83rd Street, Ste. #115
Prairie Village, KS  66208
(913) 209-8596
cbrous@brouslaw.com



*/s/ Brendan J. Donelon*
Brendan J. Donelon, KS #17420
4600 Madison, Suite 810
Kansas City, Missouri 64112
Tel:     (816) 221-7100
Fax:     (816) 709-1044
brendan@donelonpc.com

Daniel W. Craig
6642 Clayton Rd., #320
St. Louis, Missouri 63117
Tel:     (314) 297-8385
Fax:     (816) 709-1044
dan@donelonpc.com

Attorneys for Relator

## Certificate of Service

I hereby certify that on September 19, 2023 the above and foregoing was sent pursuant to this Court's CM/ECF procedures to the attorneys of record in this matter.

*/s/ Brendan J. Donelon*