## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA )
*ex rel.*   THOMAS SCHROEDER, )
  )
      Relator, )
  )
        vs. )       Case No. 17-2060-DDC-BGS
  )
MEDTRONIC, INC., *et al.*, )
  )
      Defendants. )
  )

## MEMORANDUM & ORDER ON
## MOTIONS TO AMEND SCHEDULING ORDER

Now before the Court are the Joint Motion to Amend Scheduling Order filed by Defendants Medtronic, Covidien, and Wichita Radiological Group (Doc. 442) and Relator's Motion to Amend The Third Revised Scheduling Order (Doc. 443).  On February 6, 2024, the Court conducted a telephone hearing with the parties to address the issues raised in the motions.  Having reviewed the submissions of the parties and having considered their positions during the telephone hearing, the motions (Docs. 442 and 443) are both **GRANTED in part** for the reasons set forth herein.

## BACKGROUND

Relator's Fifth Amended Complaint ("the operative Complaint" or "the Complaint") was filed on October 24, 2022.  (Doc. 233.)  Therein, Relator alleges that Medtronic, Inc. ("Medtronic"), Covidien L.P. ("Covidien"), and Hutchison Regional Medical Center ("HRMC") violated the Federal anti-kickback statute, 42 U.S.C § 1320a-7b(b) ("AKS"), "by exchanging medical devices free of charge as part of larger bulk purchases of other devices."  (Doc. 390, at 2.)  According to Relator, these devices were "illegal remuneration provided to induce these sales."  (*Id.*)  Relator also alleges violations of the False Claims Act, 31 U.S.C. § 3729, *et seq.* ("FCA") in that Defendants Medtronic and Wichita Radiological Group, P.A. ("WRG") submitted claims for medically unnecessary services

and supplies provided through the peripheral vascular catheterization ("cath") lab at the Robert J.

Dole Veterans Medical Center ("the VA").

Discovery in this case has been on-going for several years, complicated by numerous

motions to compel, dispositive motions, and attempts to glean documents from the VA, which have

resulted in the filing of actions pursuant to the Administrative Procedures Act (hereinafter "APA").

*See* D. Kan. Case No. 22-2209 and D. Kan. Case No. 23-2497.

The first of these APA actions was necessitated by Relator seeking a sampling of veteran

medical records from the VA under federal *Touhy* regulations. The requests were denied by the VA

resulting in Relator filing an APA action on June 7, 2022, seeking to compel the VA to produce

these records. (D. Kan. Case No. 22-2209.) Therein, District Judge Crabtree issued an Order on

May 16, 2023, after briefing by the parties, that rejected the VA's reasoning for denying production

of the documents. (Case No. 22-2209, Doc. 53.) As a result of this ruling, Relator and the VA

reached compromise on the records production wherein the VA agreed to produce a 20% sample of

patients seen each year from 2011 through 2018.[1] The entirety of these documents have not yet

been produced, however. (*See* Doc. 443, at 3-6.)

The second – and currently pending – APA action was filed on November 8, 2023, by

Medtronic against the VA. (D. Kan. Case No. 23-2497.) Therein, Medtronic "seeks judicial review

of several decisions by the VA refusing to produce documents to Medtronic." (Case No. 23-2497,

Doc. 1, at 4.)

> In particular, Medtronic seeks production of the following: (1)
> documents reflecting contemporaneous monthly reviews of
> procedures at issue; (2) other contemporaneous quality assurance
> review documents; (3) documents showing the VA is still sending
> patients to WRG physicians for treatment; (4) removal of redactions
> from newly-produced documents; and (5) information regarding
> documents that likely support Medtronic's defense that the VA now

---

[1] This timeframe has subsequently been limited to 2015-2018. (Doc. 443, at 8.)

claims may have been destroyed as recently as 2022, at the same time
the VA itself was investigating the claims made by Relator on its behalf.

(*Id.*)  Medtronic argues that the refusal of the VA to produce the records is "'arbitrary, capricious, an

abuse of discretion, or otherwise not in accordance with law.'"  (*Id.* (citing 5 U.S.C. § 706(2)(A)).)

The deadline for the VA to answer or otherwise plead in that APA action has been extended to

February 26, 2024.  As such, briefing has not yet been submitted and it will be an indeterminate

number of months before this matter is resolved.

Defendants Medtronic, Covidien, and WRG bring their motion asking the Court to issue an

Order indefinitely "staying all remaining case deadlines pending the District Court's ruling on the

APA case [D. Kan. Case No. 23-2497], and setting a status conference to re-set the remaining dates

and trial within fourteen days following that a final dispositive decision in the APA case."  (Doc.

442, at 2.)  Defendants contend that the VA documents at issue in the second APA action will be

"highly exculpatory."  (*Id.*)  Defendants further contend that the current APA action " presents

unpredictable hurdles to their ability to litigate this case."  (*Id.*)

Relator also brings a motion to amend the Scheduling Order, asking the Court to revise

expert and dispositive motion deadlines from the Third Revised Scheduling Order (Doc. 422) that

pertain only to Relator's FCA claim of medically unnecessary procedures at Dole VA against

Defendants WRG and Medtronic/Covidien.  (Doc. 443.)  Relator asserts that his "other expert

reports [relating to his AKS claims] have been (or will be) produced by the current … deadline."

(*Id.*, at 9.)  Relator proposes that Defendants' current expert deadlines and Relator's rebuttal expert

deadlines regarding the AKS claims remain in effect.

Relator contends, however, that he cannot submit his expert reports regarding the FCA

medically unnecessary claim because the VA has not produced all of the medical records Judge

Crabtree ordered it to produce.  According to Relator, the medical records he is waiting to receive

from the VA

are relevant to [his] medically unnecessary claims under the FCA against Defendants WRG and Medtronic. The parties have identified the need to have these medical records reviewed by expert witnesses and have reports prepared followed by depositions. Therefore, when the complete production of these medical records occurs directly impacts these deadlines.

(*Id.*, at 2.) The parties assert, and the Court acknowledges, that the delays resulting from the document production by the VA have not been caused by the parties to this case.

## ANALYSIS

### I.   Standards for Amending Scheduling Order.

Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." "In practice, this standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (citing *Pumpco, Inc. v. Schenker Intern., Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (quotations omitted)). *See also Pfeiffer v. Eagle Mfg. Co.*, 137 F.R.D. 352, 355 (D. Kan. 1991); Fed.R.Civ.P. 16 advisory committee note to 1983 Amendment. The Court is "afforded broad discretion in managing the pretrial schedule." *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011); *see also Smith v. US*, 834 F.2d 166, 169 (10th Cir. 1987).

The Court has considered the arguments contained in the motions filed by Defendants (Doc. 442) and Relator (Doc. 443), as well as the arguments made by the parties during the February 6, 2024, telephone conference. The Court finds that staying the entire case for an indefinite period of time until completion of the pending APA action (D. Kan. Case No. 23-2497, as requested by Defendants, would not serve the interests of efficiency or judicial economy. That stated, the Court agrees that it is not possible for the parties to proceed with Relator's medically unnecessary procedures claim under the FCA while this APA action is pending.

The Court will, therefore, stay discovery, expert disclosure deadlines, and dispositive motion deadlines as to this claim only. The parties are instructed to contact chambers for the undersigned

4

Magistrate Judge within ten (10) days of a ruling in D. Kan. Case No. 23-2497 or a ruling on HRMC's Motion for Partial Summary Judgment currently pending in this case (Doc. 434). Thereafter, the Court will set a status conference with the parties to set additional deadlines and determine how this case should proceed.

In the interests of efficiency and judicial economy, the parties are, however, instructed to proceed with discovery as to Relator's two AKS claims. The deadlines for Defendants' expert disclosures (**April 4, 2024**) and completion of expert discovery (**June 13, 2024**) contained in the Third Revised Scheduling Order (Doc. 422) will remain in effect as to Relator's AKS claims. Because discovery has been stayed as to Relator's medically unnecessary procedures claim, the Court must suspend the deadlines in the Third Revised Scheduling Order for submission of a draft Pretrial Order, the setting for the Pretrial Conference, and the trial setting. **The suspensions of these dates relate to all of Relator's claims/the entirety of this case**.

Additionally, the Court sets a Telephone Status Conference for **June 18, 2024, at 2:00 p.m.** before Magistrate Judge Brooks G. Severson. The parties are instructed to call in to BGS - CONFERENCE LINE 1-888-363-4749 ACCESS CODE 5407703.

**IT IS THEREFORE ORDERED** that Defendants' Joint Motion to Amend the Scheduling Order (Doc. 442) and Relator's Motion to Amend Scheduling Order (Doc. 443) are both **GRANTED in part** as more fully set forth herein.

**IT IS SO ORDERED.**

Dated this 7th day of February 2024, at Wichita, Kansas.

/s/ BROOKS G. SEVERSON
Brooks G. Severson
U.S. Magistrate Judge