IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>*ex rel.*    THOMAS SCHROEDER, )<br>)<br>Relator, )<br>)<br>vs. )<br>)<br>MEDTRONIC, INC., *et al.*, )<br>)<br>Defendants. )<br>_____ ) | Case No. 17-2060-DDC-BGS |

**MEMORANDUM & ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S UNOPPOSED MOTOIN TO SEAL OR DEDACT**

NOW BEFORE THE COURT is the unopposed Motion to Seal or Redact Documents filed by Defendant Hutchinson Regional Medical Center.  (Doc. 538.)  Therein, Defendant HRMC seeks to seal exhibits filed in support of the "Motion to Strike the Schmor 'Surrebuttal' Report" filed by Defendants HRMC, Medtronic, Inc., and Covidien, L.P.  (Doc. 535.)  The exhibits involved consist of various expert reports submitted in this case (Docs. 536-1, 536-2, 536-3, 536-4, 536-5, 536-6, 536-7, and 536-9, provisionally sealed (hereinafter "the expert reports"), as well as the "Objections to the Schmor May 10, 2024[,] Report" filed as an exhibit by Defendants HRMC, Medtronic, and Covidien (Doc. 536-8, provisionally sealed, hereinafter "objection to report").) Defendant HRMC provisionally filed the exhibits at issue under seal (Doc. 536) and now seeks to maintain those exhibits (Docs. 536-1 through 536-9, provisionally sealed) under seal.

Although the motion is unopposed, given the public's right to access court records, discussed *infra*, the Court will address the issues presented on their substantive merits.  For the reasons set forth herein, the motion (Doc. 538) is **GRANTED in part** and **DENIED in part**.

1

## ANALYSIS

The public has a recognized right to access judicial records, which is based on the "general interest in understanding disputes that are presented to a public forum for resolution" as well as the public interest "in assuring that the courts are fairly run and judges are honest." *Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980). *See also Nixon v. Warner Commc'ns, Inc.*, 435 U.S 589, 597 (1978) (citations omitted) (holding recognizing that the public has a "general right to inspect and copy public records and documents, including judicial records and documents."). While the common law right of the public's access to court records is not absolute, a court weighing this issue must "'start with a strong presumption in favor of access to court records." *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.2003)). As such, courts in the Tenth Circuit protect the public's interest in access to court filings.

That stated, a party may "rebut the presumption of access to judicial records by demonstrating that countervailing interests heavily outweigh the public interest in access." *In re EpiPen Mktg., Sales Pracs. & Antitrust Litig.*, No. 17-MD-2785-DDC-TJJ, 2021 WL 5918912, at *17 (D. Kan. Dec. 15, 2021). In deciding whether to seal court records, a "court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Apple, Inc.*, 727 F.3d, at 1221 (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir.2006)).

There is, however, a recognized exception to the presumption of public access to court records for "'judicial records filed under seal when attached to a non-dispositive motion.'" *Id.*, at 1222 (citation omitted). When the documents sought to be sealed are related to a non-dispositive motion, such as the underlying motion to strike an expert (Doc. 535), "'the usual presumption of the public's right of access is rebutted'" and a particularized showing of "good cause" pursuant to Fed.

R. Civ. P. 26(c) is "'sufficient to preserve the secrecy of sealed discovery documents attached to non-dispositive motions.'" *Id.* (citation omitted). The distinction drawn between exhibits supporting dispositive versus non-dispositive motions is justified because "'the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action.'" *Id.* (citing *Kamakana*, 447 F.3d at 1179 (internal quotation marks omitted)).

Defendant HRMC argues that its attempt to seal the documents at issue is an effort to protect the internal business workings of the various Defendants in this case, including their "inventory lists, purchase orders, confidential and sensitive business information, and proprietary pricing information." (Doc. 538, at 3.) Defendant HRMC contends that the information contained in these documents could "unfairly impact the business interests" of it and the other Defendants if disclosed. (*Id.*)

The Court notes that the documents are somewhat voluminous in nature, especially when considered together as a whole. The Court independently reviewed the expert reports, which generally address Plaintiff's claimed financial damages and Defendants' financial information (including payments to Defendants, Defendants' billing, reimbursements, and discounts for the medical devises at issue in this lawsuit, and Defendants' costs and charges). (*See generally* Docs. 536-1 through -7, 536-9, provisionally sealed.)

The Court recognizes that the expert reports contain certain portions that, when reviewed in isolation, may not appear worthy of being sealed. Given the commingled nature of the information contained in the expert reports, however, the Court finds it would be inefficient to require Defendant to redact or seal the documents on a piecemeal basis. The portions of the expert reports that would remain unsealed or unredacted at best could be meaningless, or at worst could be misconstrued, when taken out of context of the larger documents in which they are contained.

3

Additionally, courts in this District have specifically held that public access to expert reports containing confidential financial information, such as a party's revenues and profits, could be harmful to a party and thus such documents may be sealed – even in the context of dispositive motions. *See Uhlig LLC v. CoreLogic, Inc.*, No. 21-2543-DDC, 2024 WL 1703557, *2 (D. Kan. April 19, 2024).

The Court thus concludes the expert reports (Docs. 536-1, 536-2, 536-3, 536-4, 536-5, 536-6, 536-7, and 536-9, provisionally sealed) merit protection. *See Lenox McLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1246 n.14 (10th Cir. 2017) (granting leave to file under seal documents that "contain proprietary business information"). The Court also concludes that when weighed against Defendants' interest in keeping this proprietary information sealed, the public has "relatively minimal interest in this particular information." *Apple Inc.*, 727 F.3d at 1226 (holding district courts should have sealed parties' "confidential financial information" where the information itself was "not considered by the jury and [was] not essential to the public's understanding of the jury's damages award"). Further, restricting access to this information will not prevent the public from understanding the reasons for any decisions by the Court. (*See* Doc. 436, 1/12/24 text Order by District Judge Daniel Crabtree.)

The Court therefore **GRANTS** Defendant HRMC's motion (Doc. 538) to the extent it seeks to maintain the expert reports under seal (Exhibits 536-1, 536-2, 536-3, 536-4, 536-5, 536-6, 536-7, and 536-9, provisionally sealed). <u>The Court directs the Clerk of the Court to remove the provisional designation from these documents only, leaving them under seal in their entirety</u>.

The same cannot be said, however, as to the objections to the Schmor report filed as an exhibit by Defendants HRMC, Medtronic, and Covidien. (Doc. 536-8, provisionally sealed.) The Court's review of this document uncovers nothing that would consist of proprietary or sensitive information relating to the internal business workings of the various Defendants. Simply stated,

4

Defendant HRMC has not established good cause for sealing this document.  The Court **DENIES** Defendant HRMC's motion (Doc. 538) to the extent it seeks to maintain under seal Defendants' objection to the expert (Exhibit 536-8, provisionally sealed).  <u>The Court directs the Clerk of Court to unseal this document</u>.

**IT IS THEREFORE ORDERED** that Defendant's Unopposed Motion to Seal Documents (Doc. 538) is **GRANTED in part** and **DENIED in part** as more fully set forth herein.

**IT IS SO ORDERED.**

Dated this 7th day of August 2024, at Wichita, Kansas.

/s/ Brooks G. Severson
Brooks G. Severson
U.S. Magistrate Judge